## LEICHT v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12539.

Circuit Court of Appeals, Eighth Circuit.
July 19, 1943.

434

Sherman W. Child, of Minneapolis, Minn., for petitioner.

Warren F. Wattles, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before THOMAS and JOHNSEN, Circuit Judges, and VOGEL, District Judge.

JOHNSEN, Circuit Judge.

Petitioner seeks a review of a decision of the Board of Tax Appeals (now the Tax Court of the United States), which redetermined deficiencies in his income taxes for the years 1934, 1935 and 1936.

Three items of income, which were the basis of part of the deficiencies, will be considered together. They consist of a $1,068 salary-item for 1934, and a $1,200 salary-item and a $1,556 rent-item for 1936.

Petitioner, as part of his activities, was president of the Joseph Leicht Press, a publisher of foreign-language newspapers, and was the owner of a building which he rented to the corporation. Under his agreement with the corporation, he was to receive a salary of $2,868 for his services as president during 1934. This amount was duly paid to him during the year. On December 31, 1934, he voluntarily agreed to re-adjust and to refund part of his salary for the year, which he did by crediting the corporation with the sum of $1,068 upon a note which it owed him for a previous loan. On December 31, 1936, he similarly voluntarily re-adjusted the agreed salary which had been paid to him during that year and gave the corporation a further credit of $1,200 upon its note. He, also, on the same date, voluntarily re-adjusted the building rent which he had collected for the year and agreed to credit $1,556 of this amount upon the note. In each instance, he had the bookkeeper make an entry of the readjustment on the corporation's records, and, in making his income tax returns, he did not include these items as part of his gross income.

The Commissioner took the position that, for tax purposes, the items represented income received by petitioner during the years involved and should have been in-

cluded in his returns. The Board adopted a similar view and declared in its memorandum opinion: "The fact that petitioner after the receipt of these amounts permitted the corporation to change the nature of the payments from salary and rent to payments on its indebtedness to him does not relieve him of tax liability based upon the receipt of salary and rent. ° The action taken by petitioner on the last day of 1934 and 1936 was merely a gift or contribution to the corporation."

A review-petitioner has the burden of establishing that a deficiency tax assessment, as redetermined by the Board of Tax Appeals, is clearly erroneous or unwarranted, either in point of fact or in point of law. Helvering v. Fitch, 309 U.S. 149, 60 S.Ct. 427, 84 L.Ed. 665. That petitioner's actions here might, under state law, have effected legal modifications of the salary and rent agreements—if they did—would not per se prevent the re-adjustments and refunds from being held to constitute mere gifts or contributions for purposes of the federal revenue laws. The legal significance of a transaction under state law is not necessarily determinative of its federal tax results. Helvering v. Stuart, 317 U.S. 154, 161, 63 S.Ct. 140, 144, 87 L.Ed. ——; United States v. Pelzer, 312 U.S. 399, 402, 403, 61 S.Ct. 659, 661, 85 L. Ed. 913; Vesper Co., Inc. v. Commissioner, 8 Cir., 131 F.2d 200, 204. And, it is not given to a taxpayer to lift the federal tax-hand from income, which he has once received in absolute right, by an attempt thereafter to alter its legal status through modification of the agreement out of which it arose. Compare Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 74 L.Ed. 916; Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81; Van Meter v. Commissioner, 8 Cir., 61 F.2d 817.

Our decision in Stern-Slegman-Prins Co. v. Commissioner, 8 Cir., 79 F.2d 289, does not conflict with these principles, as petitioner contends. There, the officers of the corporation, without having been paid the amount of their salaries, agreed during the tax-year to allow part of the unpaid amounts to be charged back as donations to corporate surplus. The corporation then attempted to deduct the full amount of the originally agreed salaries as corporate expenses, but the Commissioner and the Board refused to permit it to do so, on the ground that the money never actually had been paid to the officers and that there was no longer an existing obligation to make the payments. We affirmed the Board's appraisal of the tax situation as being reasonable on the facts. The holding in that case that the Board was warranted in refusing to allow the corporation to deduct, as "ordinary and necessary expenses paid or incurred during the taxable year", such parts of the salaries as had never actually been paid to its officers, and as to which all payment obligation had been extinguished at the time the return was made, clearly does not require the holding here that salary, which has once been received by a corporate officer in absolute right, must be regarded as not constituting taxable income to him personally, where he has chosen, after its receipt, voluntarily to refund it to the corporation.

Nor can petitioner contend that the amounts refunded out of the salary and rent received by him for the years here involved must be held not to constitute taxable income, as a matter of res judicata, because the Board had held in the preceding year, in an unreported decision—which the Commissioner did not seek to have reviewed—that payments credited by petitioner upon the corporation's note during 1933, under salary and rent re-adjustments made in that year, did not constitute income that was taxable to him. Petitioner argues in his brief that the factual situation in that case was identical with that which is here involved. The Board, however, in its memorandum opinion, distinguishes the situations in the two cases as follows: "While the issues in the two proceedings are similar, they are not identical. Here, unlike Tait v. Western Maryland Ry. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405, and similar cases where res judicata applies, the essential facts are not the same as they were in the preceding year. The present record indicates and we have found as a fact that the salary and rent was paid to petitioner during the taxable years as such and he, at the end of the year, made a gift of the amounts to the corporation. In the other proceeding we found as a fact, as testified to by petitioner, that they had been accepted by him in reduction of the corporation's indebtedness to him, rather than as salary or rent. Each decision rests upon its own facts as established by the evidence."

There is nothing in the record, except this statement in the Board's memorandum opinion, from which we can determine the identity or non-identity of the factual and legal situations in the two cases. In these circumstances, insofar as we may be called upon at all to consider petitioner's contention, we shall accept the Board's construction and statement that the factual situations are not the same, and that in the former case the payments, at the time they were made to petitioner, were received and accepted not as salary and rent, but for agreed application upon the corporation's other indebtedness to him. Controlling factual identities, for purposes of res judicata, must be clearly shown and cannot rest upon mere assertion or speculation.

Since we cannot, on the record before us, accept the factual situations in the two proceedings as being legally identical, there is no occasion for us to discuss the general question whether a determination of the tax significance of a factual transaction is res judicata in favor of the taxpayer on similar but wholly independent factual transactions for subsequent years—which has been the subject of discussion in Engineer's Club of Philadelphia v. United States, Ct.Cl., 42 F.Supp. 182, 187, Gooch Milling & Elevator Co. v. Commissioner, 8 Cir., 133 F.2d 131, 137, Blaffer v. Commissioner, 5 Cir., 134 F.2d 389, 390, and Henricksen v. Seward, 9 Cir., 135 F.2d 986. Nor is there any need to comment here upon some earlier decisions of the Board in cases of other taxpayers, such as Fulton v. Commissioner, 1928, 11 B.T.A. 641, and Russel v. Commissioner, 1937, 35 B.T.A. 602, in which a contrary result to that in the immediate case appears to have been reached upon similar facts, for our task is simply to review the legal correctness of the Board's present decision. These previous decisions may, of course, properly be considered—as we have done—in testing the soundness of the particular determination involved, but they are not, per se, "authority for a reversal". Rogers v. Commissioner, 9 Cir., 103 F.2d 790, 793. We are not guardians of the doctrine of stare decisis in the Board's domain.

There remain for consideration two loss-deduction items claimed by petitioner for the year 1935, which the Commissioner and the Board refused to allow, and upon which a deficiency assessment was based for that year. These items consist of an investment loss of $7,400 in stock of the Antigo Timber Holding Company and a worthless-debt deduction of $5,659.19 for "assessments" or loans made to the corporation.

The Board held that petitioner's evidence was insufficient to show that the stock and the debt of the corporation first became worthless in 1935. Petitioner's stock had been purchased between 1906 and 1926. His "assessments" or loans were all made between 1910 and 1924. There is nothing in the record to indicate the activity or condition of the corporation between 1926 and 1935. Petitioner was secretary of the company and was the only witness who purported to give testimony as to its affairs. His testimony was indefinite and unsatisfactory. He stated that the corporation had had some timber holdings in the State of Wisconsin, and that it subsequently had sold all of its marketable holdings to another corporation for approximately $4,500 and had applied the proceeds upon its outstanding liabilities. He did not disclose the date of the sale of the assets or of the distribution of the proceeds, and his books which he offered in evidence likewise failed to show the date when he had received his share of these proceeds for application on his indebtedness. He declared in his testimony that, after this sale, "there was timber left, a lot of it cut over, and some of it was timber, but we couldn't sell it", so "we just dropped the whole thing, whatever timber was left we let go for taxes." This was done in 1935, when the corporation was formally dissolved.

Petitioner contends that on this evidence the Board was required to hold, as a matter of law, that his losses on the capital stock and the loans made to the corporation were deductibly sustained in 1935.

As to the stock, the Board said: "Whether such a loss was or was not then sustained depends upon whether the stock became worthless in that year or in some prior year. * * * The record is silent as to the condition of the affairs of the corporation prior to 1935. We are unable to determine, therefore, whether its stock became worthless in 1935 or in some prior year. The burden of proving the year his stock became worthless was on the petitioner. Because of his failure to sustain this burden we must hold that the amount invested by him in stock of the corporation may not be deducted in computing his net income for 1935."

As to the loan indebtedness, the Board similarly held that, since the evidence did not show the condition of the corporation prior to 1935, the facts of which must have been known to petitioner as an officer of the corporation, he had failed to sustain the burden resting upon him, as against the Commissioner's determination, of establishing that he was justified in concluding that the debt first became worthless during the taxable year. The Board observed in its memorandum opinion that, "while the statute (§ 23(k), Revenue Act of 1934 [26 U.S.C.A. Int.Rev.Acts, page 673]) allows a taxpayer considerable latitude in connection with the ascertainment of worthlessness of a debt, a taxpayer in possession of all the material facts is not permitted to make a formal determination of worthlessness, charge off the debt, and claim a deduction on that account subsequent to the year in which the debt actually became worthless. * * * In other words, he cannot select the year in which to deduct a debt which to his knowledge has been worthless for some time."

■■■■ On the indefinite and unsatisfactory record before us, we cannot say that the Board's findings and conclusions as to the stock and debt deductions were clearly erroneous or unwarranted, either in point of fact or in point of law. Cf. Burnet v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991; Reading Co. v. Commissioner, 3 Cir., 132 F.2d 306; Commissioner v. McCarthy, 7 Cir., 129 F.2d 84; Morton v. Commissioner, 7 Cir., 112 F.2d 320; Lambert v. Commissioner, 10 Cir., 108 F.2d 624. The Board of Tax Appeals cannot be required to hold that the dissolution of a corporation necessarily constitutes the determinative event in identifying the worthlessness of its debts or stock, for tax purposes, where the evidence fails to show whether the corporation was then active, whether the dissolution was accompanied by any distribution, and when, and in what amount, the corporation was last possessed of saleable or distributable assets. The determinative event in identifying the worthlessness of an investment or debt, relied upon by a taxpayer, is merely an aid or incident to his general burden of proving that he was reasonably entitled to fix his loss as having been sustained during the taxable year. His right to make the deduction necessarily depends upon all the facts of the situation and the legitimate inferences therefrom and must be reason-

ably established on the basis of the whole evidence. Cf. Nicholson v. Commissioner, 8 Cir., 90 F.2d 978; Eagleton v. Commissioner, 8 Cir., 97 F.2d 62.

The decision of the Board of Tax Appeals is affirmed.