**W. J. SHIRAH and Cleopatra Shirah, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 5816.**

United States District Court
E. D. South Carolina,
Columbia Division.

Oct. 4, 1957.

Judgment Affirmed March 29, 1958.

are adopted as the findings of fact of this Court.

In making their joint income tax return for the calendar year 1955 the plaintiffs claimed a deduction of $900, which was disallowed. That claim was based upon a $5 per day subsistence allowance thought to be authorized under Section 120 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 120, and an ordinance of the City of Columbia passed pursuant to said Section 120 by the City Council of Columbia, South Carolina, on August 17, 1955. The original claim was based upon a $5 per day subsistence allowance commencing July 1, 1955. Upon the trial of the case the plaintiffs conceded that the subsistence allowance would be claimed only for the time after August 17, 1955, which is the date of the passage of the said ordinance. This automatically reduced their claim against the defendant from $180 to $108.

The plaintiff J. W. Shirah is and was at all relevant times a policeman in the service of the City of Columbia, South Carolina. He had been such a policeman for some years prior to 1955, and he still is.

The primary question to decide is whether or not Section 120 of the Internal Revenue Code of 1954 authorizes a subsistence allowance as here claimed by the plaintiffs and, incidental to that issue, whether the ordinance of the City of Columbia passed August 17, 1955, properly granted such a subsistence allowance to its policemen. The referred to Section 120 very definitely says that "Gross income does not include any amount received as a statutory subsistence allowance by an individual who is employed as a police official" unless such allowance exceeds $5 per day. There is nothing in the stipulation of facts, or otherwise in the record that warrants the inference that the plaintiffs between August 17 and December 31, 1955, received or claimed any subsistence allowance for any day in excess of $5 per day, or for any other expense that had been otherwise paid by the City.

The main contention of the defendant is that the ordinance of the City

Edens & Hammer, H. H. Edens, Henry Hammer, Columbia, S. C., for plaintiffs.

N. Welch Morrisette, Jr., U. S. Atty., George E. Lewis, Asst. U. S. Atty., Columbia, S. C., for defendant.

TIMMERMAN, Chief Judge.

As originally brought, this action was to recover $180 plus interest. The plaintiffs claimed that the defendant had illegally assessed and collected that amount from them as a part of their federal income tax for the year 1955. Upon the trial of the case the plaintiffs modified their demand and are now asking only $108 with interest.

The material facts in this case have been stipulated. The facts as stipulated

of Columbia technically did not, under its Treasury Regulation, Sec. 1. 120–1(a), grant or give a statutory subsistence allowance to its policemen. Even conceding that the Treasury Department has the power to enact supplemental legislation affecting the subject matter of the Congressional Act, it hardly can be said that the Treasury Department has the power to change either the meaning or the intent of the Congressional enactment. Assuming the correctness of what is last stated, it is appropriate to turn to what the Congress had to say about the intended meaning of Section 120 of the Internal Revenue Code of 1954.

By turning to pages 4176 and 4826 of Volume 3, United States Code Congressional and Administrative News, 83rd Congress, Second Session, 1954, it will be seen how both the House and the Senate regarded Section 120. Since the House Report and the Senate Report are substantially identical, only one will be quoted, viz., the House Report at page 4176:

" § 120. Statutory subsistence allowance received by police

"This section is new and provides for an exclusion from gross income for any amount received as a statutory subsistence allowance by a taxpayer who is employed as a policeman by any State, Territory, or possession of the United States or any political subdivision thereof or by the District of Columbia.

"The term 'police official' in this section includes an employee of any of the foregoing governmental units who has police duties, such as a sheriff, a detective, or a State police trooper, however designated. For example, it encompasses the State police in Georgia who are designated the Georgia Bureau of Investigation.

"The exclusion under this section is limited to a statutory subsistence allowance which does not exceed the rate of $5 per day. To the extent that any amounts received as a statutory subsistence allowance are excludable from gross income under this section, no deduction is allowable for expenses in respect of which the statutory allowance is paid; however, any expenses in excess thereof may be deducted if they are otherwise allowable as a deduction. For example, if a State statute provides a subsistence allowance of $5 per day, but the taxpayer, a State police trooper, incurs expenditures of $7.50 for meals while away from home overnight on official police duties, he would be entitled to a deduction of $2.50 under subparagraph (2) (B) of section 62 (relating to expenses for travel away from home). The remaining $5 would be disallowed as a deduction under this section since he is permitted to exclude $5 as a statutory subsistence allowance."

From the foregoing it is manifest that the Congress of the United States had some feeling for federally over-taxed police officers, who night and day are on duty to protect the lives and property of individual citizens and who run great risks in doing so. As there stated, Section 120 was new and it was intended to grant a new, not an old exclusion from gross income. Plainly what Congress intended was to reduce taxes to be levied on the meager incomes of police officers. No deduction in excess of $5 per day was to be allowed, unless the excess expense should be incurred for services away from the officer's home station, as is demonstrated by the example given in the cited House and Senate Reports.

The City ordinance reads as follows:

"Be It Ordained by the City Council of the City of Columbia, South Carolina:

"Section 1. Beginning with the fiscal year 1955–56, of the amounts appropriated by the City Council of Columbia, South Carolina for police officials, the sum of Five ($5.00) Dollars per day for each work day shall be designated as and shall constitute a statutory subsistence allowance. The purpose of this section is to give police officials em-

ployed by the said City the Tax benefits provided for by Section 120 of the 1954 Internal Revenue Code.

"Section 2. Such statutory subsistence allowance shall continue until this Ordinance is repealed.

"Section 3. This Ordinance shall become effective upon its adoption."

The clear intent of the ordinance is to establish a $5 per day subsistence allowance for police officials of the City of Columbia "for each work day" they are engaged as such. No one claims that any of the days for which plaintiffs claim the allowance were not in fact work days. To make sure that no one could be honestly misled as to the purpose of the ordinance, it contains this plain and understandable language:

"The purpose of this section is to give police officials employed by the said City the Tax benefits provided for by Section 120 of the 1954 Internal Revenue Code."

The language of Section 120 is so plain and unambiguous that there is no occasion for resorting to rules of statutory interpretation, Osaka Shosen Kaisha v. United States, 300 U.S. 98, 57 S. Ct. 356, 81 L.Ed. 532, and the Court has no right to look for or impose another meaning. United States v. Hill, 248 U. S. 420, 39 S.Ct. 143, 63 L.Ed. 337. Rules of interpretation are resorted to for the purpose of resolving ambiguities, not for the purpose of creating them. Railroad Commission of State of Wis. v. Chicago, B. & O. Railroad Co., 257 U. S. 563, 42 S.Ct. 232, 66 L.Ed. 371.

It is concluded that the amount of $540 received by the plaintiff W. J. Shirah as a statutory subsistence allowance during the calendar year 1955, after August 17, and thus paid to him as a member of the police department of the City of Columbia is not taxable as part of his gross income.

Accordingly, it is further concluded that plaintiffs are entitled to judgment against the defendant in the sum of $108 with allowable interest, said sum having been erroneously and illegally assessed against them and collected from them as income tax.

A proper order for judgment in accordance with this opinion will be signed on presentation.