**J. W. and Leona PARRISH, Plaintiffs,**

**v.**

**The UNITED STATES of America, Defendants.**

**Civ. A. No. 543.**

United States District Court
M. D. Georgia,
Albany Division.

Jan. 9, 1958.

P. Walter Jones, Albany, Ga., S. B. Lippitt, Jr., Lippitt & Lippitt, Albany, Ga., for plaintiffs.

Frank O. Evans, U. S. Atty., Macon, Ga., Robt. B. Thompson, Asst. U. S. Atty., Macon, Ga., Paul K. Kirkpatrick, Jr., Gerard O'Brien, Sp. Assts. to Atty. Gen., for defendant.

DAVIS, Chief Judge.

This is a case in which the plaintiffs, who filed joint income tax returns, are seeking to recover income taxes which they paid and which they claim to have been illegally assessed and collected.

The relevant facts are stipulated and shall be considered the Findings of Fact of this Court. It is further stipulated that the sole issue in this case is whether $385 of the total compensation received by the plaintiff, J. W. Parrish, from the City of Albany, Georgia, for the period October 15, 1955, to December 31, 1955, or any part thereof, was received by the plaintiff, J. W. Parrish, as a statutory subsistence allowance within the meaning of Section 120 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 120.

At all times during 1955, J. W. Parrish was employed as a member of the police department of the City of Albany, Georgia, as a police officer.

On October 11, 1955, the City of Albany, Georgia, acting through its Mayor and City Commissioners, adopted an ordinance, which contained the following provision:

"That from and after the passage of this Ordinance, and commencing October 16, 1955, there is hereby set up, fixed and allowed to every member of the Police Force of the City of Albany, a subsistence allowance of $5.00 per diem, which shall be paid to said respective Police Officers, semi-monthly."

It is stipulated that such ordinance was a valid ordinance of the City of Albany, Georgia. On that same date another ordinance was adopted, which provided in effect that the salaries of the members of the police force should be reduced to an amount which, together with the subsistence allowance, would equal the sum which they had been receiving as salary. The net result of the two ordinances was that the officers of the police force continued to receive the same amount, but $5 per day of it was denominated subsistence allowance rather than salary.

During the period October 15 to December 31, 1955, the plaintiff, J. W. Parrish, received $385 under the provisions of the Ordinance allowing him a subsistence allowance. The sole question is whether this sum is properly excludable from his gross income under the provisions of Section 120 of the Revenue Act of 1954. The pertinent provision of that Section provides that "Gross income does not include any amount received as a statutory subsistence allowance by an individual who is employed as a police official by a State * * * (or) by any political subdivision" of a State, provided that the exclusion under this provision shall not exceed $5 per day.

It is admitted that this sum was paid to the plaintiff in accordance with a valid ordinance. The only question raised by the defendant is whether it constituted a subsistence allowance. It was so denominated by the City Commissioners of the City of Albany, Georgia. This Court will not question the good faith of that body. The defendant contends that the word "subsistence", as employed in Section 120, means an allowance paid to a police officer to reimburse him for expenses incurred away from home. The term "subsistence", however, has no such connotation. Subsistence in its ordinary usage means that which supports life; provisions or that which procures provisions. It is not limited to support while away from one's home or post of duty.

It is true, as contended by the Government, that many employees are paid subsistence only while away from home. Some of the statutes provide that persons shall be paid per diem "in lieu of subsistence while away from their homes or regular places of business." 50 U.S.C.A. Appendix, § 2160. If the word subsistence itself meant expenses incurred away from home, it would be surplusage for Congress to add the words "while away from their homes" immediately after the word subsistence.

It should also be noted that Congress has provided in other instances for subsistence allowances to be paid without reference to absence from home or post of duty. Title 37 U.S.C.A. § 251, provides that "Officers shall, at all times, be entitled to receive a basic allowance for subsistence on a monthly basis." This is payable whether or not the officer concerned is at home, and he is not required to make any showing of any expenses. That applies to Army officers, but would indicate that Congress does not use the word "subsistence" in the narrow sense here urged by the defendant. It is interesting to note also that the allowance paid Army officers under that section is excludable from the gross income of the officer, without his making any showing of expenses incurred. Par. 8963 P H 1957, Memo. Treas. Dept. 3413 Cum.Bull. 1926 Part I, p. 29.

■ The statutes relied on by the defendant to give a different meaning to the word "subsistence" are not convincing. A word will be given its usual and ordinary meaning unless a contrary meaning is clearly intended.

■■ The Court is in accord with the opinion of Judge Timmerman in Shirah & Shirah v. United States, D.C.1957, 158 F.Supp. 40, 43. In that opinion, he states:

"The language of Section 120 is so plain and unambiguous that there is no occasion for resorting to rules of statutory interpretation, Osaka Shosen Kaisha Line v. United States, 300 U.S. 98, 57 S.Ct. 356, 81 L.Ed. 532; and the Court has no right to look for or impose another meaning. United States v. Hill, 248 U.S. 420, 39 S.Ct. 143, 63 L.Ed. 337. Rules of interpretation are resorted to for the purpose of resolving ambiguities, not for the purpose of creating them. Railroad Commission of State of Wisconsin v. Chicago, B. & O. R. Co., 257 U.S. 563, 42 S.Ct. 232, 66 L.Ed. 371".

■ It is true, as contended by the defendant, that this decision results in a special benefit to police officers, and that appears to be just what Congress intended. Whether such a benefit is proper or improper is not for this Court to say, absent an attack upon the constitutionality of the Act, which attack has not been made here. Whether or not Congress had a good reason for favoring police officers is a matter to be decided by Congress, not by the courts. This Court is satisfied that Congress did intend to favor them.

■ This officer has received money paid to him by virtue of a valid ordinance, which denominated the payment a "subsistence allowance". It, therefore, constituted a statutory subsistence allowance within the unequivocal meaning of Section 120 and the plaintiffs are entitled to have the $385 so received excluded from their gross income.

Let counsel for the plaintiffs present a judgment in accordance with these findings and conclusions.