**UNITED STATES of America,**
**Appellant,**

v.

**W. J. SHIRAH and Cleopatra Shirah,**
**Appellees.**

**No. 7605.**

United States Court of Appeals
Fourth Circuit.

Argued March 3, 1958.

Decided March 29, 1958.

Karl Schmeidler, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Melva M. Graney, Attorneys, Department of Justice, Washington, D. C., and N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on brief), for appellant.

Henry H. Edens, Columbia, S. C. (Henry Hammer, Columbia, S. C., on brief), for appellees.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

SOBELOFF, Circuit Judge.

A member of the police force of Columbia, South Carolina, and his wife with whom he had filed a joint return, brought suit against the United States for a refund of $540 collected for a deficiency assessed against them by the Commissioner of Internal Revenue. This appeal is from the judgment awarded by the District Court in favor of the plaintiffs.

In their joint income tax return for the year 1955, the taxpayers availed themselves of the provisions of the Act of Congress [1] and the ordinance of the City of Columbia [2] adopted pursuant thereto, and excluded from income the sum of $5 per day received by the policeman as a "statutory subsistence allowance." The alleged deficiency resulted from the Commissioner's disallowance of the claimed exclusion.

The Government concedes that it could not object to the exclusion from income of the $5 per day received as a statutory subsistence allowance even if the taxpayer's actual expenditure for this purpose was less than this amount. It is asserted, however, that in this instance the policeman's duties were performed in the City of Columbia and that he was not required to spend any part of the allowance for subsistence, and that in practice the City of Columbia provides for reimbursement of policemen for expenses incurred while on official business. Thus, it is argued, the payment was in fact salary.

Whether this policeman actually incurred subsistence expense while on duty is not the decisive question. The exclusion from income of the amount authorized by statute and fixed by ordinance was not made to turn on this point. It was provided for all policemen within its terms because of the nature of the work of policemen generally. The Congress may well have thought it undesirable to draw distinctions between those who spend more than five dollars per day, those who spend less than that sum, and those who may sometimes spend more and sometimes less. It may have considered sifting of the particular circumstances of each case open to objections that would outweigh the possible savings of revenue. If such was the Congressional design, the language employed is apt for its achievement. The statute merely requires the adoption of complementary legislation by a state or its subdivision and the receipt by the policeman of a sum not exceeding $5 per day as a "statutory subsistence allowance."

It is objected that the ordinance designated a portion of the salary as subsist-

---

1. "§ 120. Statutory subsistence allowance received by police

"(a) *General rule.*—Gross income does not include any amount received as a statutory subsistence allowance by an individual who is employed as a police official by a State, a Territory, or a possession of the United States, by any political subdivision of any of the foregoing, or by the District of Columbia.

"(b) *Limitations.*—

"(1) Amounts to which subsection (a) applies shall not exceed $5 per day.

"(2) If any individual receives a subsistence allowance to which subsection (a) applies, no deduction shall be allowed under any other provision of this chapter for expenses in respect of which he has received such allowance, except to the extent that such expenses exceed the amount excludable under subsection (a) and the excess is otherwise allowable as a deduction under this chapter." 26 U.S.C. 1952 ed., Supp. II, Sec. 120.

2. "An Ordinance To Provide A Subsistence Allowance To Police Officials Employed By The City Of Columbia, South Carolina

"Be It Ordained by the City Council of the City of Columbia, South Carolina:

"Section 1. Beginning with the fiscal year 1955–56, of the amounts appropriated by the City Council of Columbia, South Carolina for police officials, the sum of Five ($5.00) Dollars per day for each work day shall be designated as and shall constitute a statutory subsistence allowance. The purpose of this section is to give police officials employed by the said City the Tax benefits provided for by Section 120 of the 1954 Internal Revenue Code." Excerpt from the Minutes of the City Council meeting of Columbia, South Carolina, held August 17, 1955.

ence in order to effect a tax saving. The answer is that this is precisely what the Act invited the states and municipalities to do. By necessary implication the federal act leaves it to the local government to define the "statutory subsistence allowance."

The Government points out that for the purpose of disability and retirement benefits South Carolina includes in the basis of computation the full payment to the policeman undiminished by the subsistence allowance. This, however, is merely a matter of state policy in its retirement system and need not be fashioned to conform to the legislative plan of tax relief adopted pursuant to Congressional authority.

It is also urged that in enacting the law Congress had in mind state troopers and not local policemen; but the statute is more broadly drawn.

It cannot be said that giving effect to the plain meaning of the language would bring a result that is irrational or absurd, however much we may disagree with its necessity or wisdom. We have no right to fetter a broad provision with conditions not expressed and not essential to the execution of the law, for courts are not free to rewrite legislative enactments to give effect to the judges' ideas of policy and fitness or the desirabilty of symmetry in statutes. Crooks v. Harrelson, 1930, 282 U.S. 55, 59 et seq., 51 S.Ct. 49, 75 L.Ed. 156; Osaka Shosen Kaisha Line v. United States, 1937, 300 U.S. 98, 57 S.Ct. 356, 81 L.Ed. 532.

If it be deemed preferable, in granting the exclusion, not to deal uniformly with policemen as a class, but to conduct an inquiry in the individual case to determine whether a policeman claiming the benefit in fact incurred expense, the correction is one for the Congress to make.[3] It is not the court's province to do so, nor can the Treasury make regulations contrary to the unambiguous language of the law. See: Income Tax Regulations—1954 Code, Sec. 1.120–1. Trust of Bingham v. Commissioner, 1945, 325 U.S. 365, 377, 65 S.Ct. 1232, 89 L.Ed. 1670; Social Security Board v. Nierotko, 1945, 327 U.S. 358, 369, 66 S.Ct. 637, 90 L.Ed. 718. Cf. Sims v. United States, 4 Cir., 1958, 252 F.2d 434.

We were told at the hearing that a bill is now pending to repeal the statute. H. R. 8381, 85 Cong. 1st Sess., Sec. 4, pp. 4–5. We cannot give anticipatory effect to such an amendment, just as our brethren in the Fifth Circuit found themselves unable to give retroactive effect to the present law. Magness v. Commissioner, 5 Cir., 1957, 247 F.2d 740.

We think that the District Judge correctly interpreted the law.

Affirmed.

PARKER, Chief Judge, concurred in the result, but died before signing the opinion.

---

3. In Parrish v. United States, 158 F.Supp. 238 in which the United States District Court for the Middle District of Georgia adopted the same interpretation of the statute as we do, the Judge made the interesting observation that in other instances the term "subsistence" has not been narrowly used by Congress as when army officers are entitled by statute to receive their subsistence even when they are at home. 37 U.S.C.A. Sec. 251.