Tadeusz J. Kownacki, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 86266.     Filed January 3, 1962.

*Tadeusz J. Kownacki*, pro se.
*Gerald N. Daffner, Esq.*, for the respondent.

#### OPINION.

Atkins, *Judge:* The respondent determined a deficiency in income tax for the calendar year 1958 in the amount of $186. The deficiency resulted from the determination of the respondent that the petitioner is not entitled to exclude from his gross income an amount of $930 as a statutory subsistence allowance under the provisions of section 120 of the Internal Revenue Code of 1954.[1]

All the facts are stipulated or admitted and the stipulations are incorporated herein by this reference.

The petitioner is a resident of Mahwah, New Jersey, and filed a timely income tax return for the taxable year 1958 with the district director of internal revenue at Newark, New Jersey. During the year involved, petitioner was employed as a police officer by the Township of Mahwah, Bergen County, New Jersey.

On September 25, 1958, an ordinance entitled "An Ordinance to Designate a Subsistence Allowance for Policemen in the Township of Mahwah" was passed and adopted at a meeting of the Township Committee of the Township of Mahwah. This ordinance provided that, beginning with and retroactive to the calendar year January 1, 1958, of the amounts appropriated by the township for police officials,

---

[1] Section 120 of the Internal Revenue Code of 1954 provided in part:
SEC. 120. STATUTORY SUBSISTENCE ALLOWANCE RECEIVED BY POLICE.
(a) General Rule.—Gross income does not include any amount received as a statutory subsistence allowance by an individual who is employed as a police official by a State, a Territory, or a possession of the United States, by any political subdivision of any of the foregoing, or by the District of Columbia.
(b) Limitations.—
(1) Amounts to which subsection (a) applies shall not exceed $5 per day.
Section 120 was repealed by section 3 of the Technical Amendments Act of 1958 (Pub. L. 85–866, 85th Cong.), enacted Sept. 2, 1958. Section 3 provides in part:
(a) Repeal.—Section 120 (relating to statutory subsistence allowance received by police) is hereby repealed.
     *      *      *      *      *      *      *
(c) Effective Date.—The amendments made * * * shall apply with respect to taxable years ending after September 30, 1958, but only with respect to amounts received as a statutory subsistence allowance for any day after September 30, 1958.

the sum of $5 per day for each workday "shall be designated as and shall constitute a statutory subsistence allowance"; that the purpose was to give police officials employed by the township the tax benefits provided by section 120 of the Internal Revenue Code of 1954; that the subsistence allowance should not be in addition to the allowance authorized by the salary ordinance but should be deemed to be part of the payment to policemen authorized by the salary ordinance; that the statutory subsistence allowance should continue until the ordinance might be repealed or section 120 of the 1954 Code might be repealed, whichever might occur first; and that the ordinance should become effective upon its adoption and be retroactive to January 1, 1958.

On his 1958 income tax return the petitioner reported as income the amount of $5,000 paid to him by the Township of Mahwah and claimed the following deduction:

> Police Subsistence Allowance
> $25.00 Weekly January to September, Incl. $950.00

Of the amount of $950 claimed as a deduction for subsistence allowance, the petitioner received $930 prior to the passage and adoption of the above ordinance for the period January 1 through September 24, 1958. The balance of $20 was received after September 25 for the period from September 25 through September 30, 1958. Prior to September 25, 1958, petitioner received his salary without a separate designation for a subsistence allowance.

The respondent in the notice of deficiency disallowed $930 of the $950 deduction and stated in part as follows:

> It has been determined that you are not entitled to exclude from gross income as statutory subsistence allowance under Section 120 of the 1954 Internal Revenue Code $930.00 retroactively designated as "subsistence allowance" by you but actually representing a part of ordinary salary income previously received by you.

The respondent's determination was in accord with his published position stated in Rev. Rul. 59–276, 1959–2 C.B. 49.

The entire amount received by the petitioner from the Township of Mahwah prior to September 25, 1958, was received pursuant to a salary ordinance of the township. It was thus received purely as salary; its character as such was fixed. The action of the township, by its ordinance of September 25, 1958, in retroactively designating a portion of the salary of police officers up to that time as a subsistence allowance, cannot be considered as having the effect, for Federal income tax purposes, of changing the character of the salary received. We see no essential difference between the situation here presented and that presented in *Leicht* v. *Commissioner*, (C.A. 8) 137 F. 2d 433, affirming a Memorandum Opinion of this Court. There the president of a corporation received from the corporation amounts as salary and rent. After such receipt he agreed to readjust the salary and the

rental, and agreed to give the corporation credit for certain portions thereof on a note which it owed him for a previous loan. It was there held that this did not relieve the taxpayer of tax liability based upon the receipt of salary and rent. It may be also pointed out that it has been held that retroactive judgments of State courts do not determine the rights of the Federal Government under its tax laws. See *Daine* v. *Commissioner*, (C.A. 2) 168 F. 2d 449, affirming 9 T.C. 47, and *Eisenberg* v. *Commissioner*, (C.A. 3) 161 F. 2d 506, affirming 5 T.C. 856. In the latter case it was stated:

Certainly no authority is needed today for the proposition that income tax liability rests upon events as they actually happened. The fact is that, for the years involved, the parties were guided by and acted under the agreements as they were originally drawn.

The petitioner cites *Shirah* v. *United States*, (D.C. Ed. S.C.) 158 F. Supp. 40, affd. (C.A. 4) 253 F. 2d 798, and *Parrish* v. *United States*, (D.C. Md. Ga.) 158 F. Supp. 238, in which statutory subsistence allowances under ordinances of other townships were held to meet the requirements of section 120 of the Internal Revenue Code of 1954. However, those cases involved such allowances paid for periods after the enactment of the ordinances and did not involve amounts retroactively designated as statutory subsistence allowances. Indeed, in the *Shirah* case the taxpayer conceded the issue which is here presented.

We hold that the respondent did not err in determining that the petitioner is not entitled to exclude from gross income $930 of the $950 which he claimed as a statutory subsistence allowance.

*Decision will be entered for the respondent.*