Frank K. SPRINGER and Geraldine N. Springer, husband and wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 61–272.

United States District Court
D. Oregon.

May 8, 1962.

Frederick A. Jahnke, Portland, Or., for plaintiffs.

Sidney I. Lezak, Acting U. S. Atty., Portland, Or., Joyle Dahl, Department of Justice, Washington, D. C., for United States.

SOLOMON, Chief Judge.

Plaintiff Frank K. Springer [1] is a policeman employed by the City of Portland. In 1954, Congress enacted Section 120, Internal Revenue Code of 1954, 26 U.S.C.A. § 120,[2] which provided that gross income of a policeman would not include any amount up to $5.00 a day received as a statutory subsistence allowance.

This law became effective on January 1, 1955, and continued in effect until September 30, 1958, on which latter date the repeal of Section 120 became effective.[3]

---

1. Springer's wife was also joined as a party plaintiff by reason of the filing of joint returns during the years in question.

2. Int.Rev.Code of 1954, Ch. 736, § 120, 68A Stat. 39.

3. Technical Amendments Act of 1958, Pub. L. 85–866, Title I, § 3, 72 Stat. 1607.

On December 26, 1958, the City of Portland adopted an ordinance which stated that in order to comply with Section 120, "a statutory subsistence allowance of $5.00 per day should be allowed by the City of Portland for all police officers employed by the City of Portland during the period from January 1, 1955 through September 30, 1958," and that "the sole purpose of this section is to allow police officers employed by the City of Portland the tax benefits provided by Section 120 of the 1954 Internal Revenue Code."

Section 2 of the ordinance states:

"The provisions of this ordinance shall in no way affect contributions of police officers made to Fire and Police Disability and Retirement Fund, during the stated period, and shall in no way affect budget or accounting procedures of the City of Portland for said period."

Plaintiff timely filed his individual income tax returns for 1955, 1956 and 1957, and he reported as ordinary income all of the income received from the City. However, on January 20, 1959, he filed amended returns for each of such years, in which he claimed as a deduction $5.00 a day for each day worked during such years on the ground that such amount qualified as a statutory subsistence allowance.

The Commissioner of Internal Revenue disallowed the claims for refund, and this action to recover income taxes followed.

The principal issue is whether the city ordinance, which retroactively provided for a $5.00 a day subsistence allowance, was effective to permit such deductions pursuant to Section 120 of the Internal Revenue Code of 1954.

The reports of both the House Ways and Means Committee and the Senate Finance Committee show that Section 120 was enacted to provide a new and additional deduction for travel expenses incurred away from home while on official business by police officers who elected to take the standard deduction.[4]

■ Section 120 authorized a deduction only for sums received pursuant to complementary legislation by a state or its subdivision expressly providing for payment of a sum not in excess of $5.00 per day as a "statutory subsistence allowance". United States v. Shirah, 4 Cir. 1958, 253 F.2d 798, 799; Parrish v. United States, M.D.Ga.1958, 158 F. Supp. 238; Treas.Reg. § 1.120–1(a) [as amended, T.D. 6318, 23 F.R. 7533 (1958)]. Here there was no state statute or municipal ordinance designating any portion of the remuneration paid to Portland city police officers to be a "statutory subsistence allowance" at the time the payments were made.

Although Section 120 did permit states and municipalities to alter to a limited extent the federal income tax consequences of salary payments to police officers, it did not permit them to do so retroactively, particularly where the sole and avowed purpose was to permit their employees to qualify for greater deductions. Just as support and maintenance payments made pursuant to a separation agreement cannot be changed into "alimony" payments for income tax purposes, Daine v. Commissioner of Internal Revenue, 2 Cir. 1948, 168 F.2d 449, 4 A. L.R.2d 248, a municipal ordinance cannot retroactively change portions of ordinary income already received and taxed into "subsistence allowances".

■ There is no merit in plaintiff's alternative contention that the word "subsistence" be construed broadly to include "any means of support" and that a police officer's entire salary would qualify for the deduction under Section 120 were there no $5.00 per day limitation thereon. Such a construction ignores the requirement that the ordinance make express reference to a "subsistence allowance". The purpose of this requirement was to obviate the necessity of showing that a police officer actually in-

4. H.R.Rep.No.1337, 83d Cong., 2d Sess. 18 (1954), 3 U.S.Code Cong. & Ad. News, pp. 4017, 4043, 4176 (1954); S.Rep.No. 1622, 83d Cong., 2d Sess. 19–20, 191 (1954), 3 U.S.Code Cong. & Ad. News, pp. 4621, 4649, 4826 (1954).

curred subsistence expense while on duty, United States v. Shirah, supra, or of showing that the drafters of the ordinance originally authorizing police officer's salaries intended to have a portion thereof compensate for such expense. Plaintiff's proposed interpretation is contrary to the express purpose for which the statute was enacted.

The complaint is dismissed.