Cornelius C. Noble and Pansy H. Noble v. Commissioner.
Noble v. Commissioner
Docket No. 2054-63.
United States Tax Court
T.C. Memo 1965-84; 1965 Tax Ct. Memo LEXIS 244; 24 T.C.M. (CCH) 442; T.C.M. (RIA) 65084; April 7, 1965
*244 The corporation, of which the petitioners were the sole stockholders, made various payments to or on behalf of the petitioners for their personal benefit. Such payments had originally been claimed by the corporation as ordinary and necessary business expenses, but upon an audit by the Internal Revenue Service in a later year the corporation agreed to the proposed disallowance of such amounts as deductions, and the petitioners concede that such payments were for their benefit rather than for the benefit of the corporation. While such audit was in process the directors of the corporation adopted a resolution, reflecting an agreement between the corporation and its stockholders, that any of such amounts disallowed as deductions by the respondent should be deemed to be payments on account of the indebtedness owed by the corporation to the petitioners. Held, that such subsequent action was not effective to establish such payments as repayments of such loan, and that such payments constituted taxable dividends to the petitioners. Denslow B. Green, for the petitioners. Roger A. Pott and James Booher, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The *245 respondent determined deficiencies in income tax for the taxable years 1958, 1959, and 1960 in the respective amounts of $2,394.59, $3,716.74, and $4,395.27. The sole issue for decision is whether payments of certain personal expenses by a corporation on behalf of its sole stockholders constituted repayments of their loan to the corporation or constructive dividends to them. Findings of Fact Some of the facts have been stipulated and are incorporated herein by this reference. The petitioners are husband and wife, residing in Madera, California. They filed joint income tax returns for the taxable years 1958, 1959, and 1960 with the district director of internal revenue at San Francisco, California. Hereinafter Cornelius C. Noble will be referred to as the petitioner. The petitioners are and were during the years involved, the sole stockholders of Noble's Independent Meat Company, a California corporation, each owning 500 shares of its outstanding capital stock. Noble's Independent Meat Company (hereinafter referred to as the corporation) was incorporated on April 1, 1946, at which time the petitioners, who were conducting a meat packing business, transferred to the corporation all *246 the assets of this business. The assets transferred were valued at $172,077.26 and were subject to liabilities of $16,721.11. The capital stock of the corporation which was of no par value, was valued at $100,000, and the books of the corporation reflected paid-in surplus of $55,356.15. The corporation continued the business previously conducted by the petitioners. The corporation filed its income tax returns on the basis of a fiscal year ending on March 31. During the years in issue petitioners were actively engaged in the operation of the corporate business, petitioner as its president and his wife as its vice-president. In each year since incorporation in 1946 the petitioner has received a salary of $24,000. His wife received no salary from 1946 to 1953. In 1954 she received a salary of $1,050; in each of the years 1955 through 1958 she received a salary of $4,200; in 1959 she received $4,650; and in 1960 she received $4,800. During the year 1955, the corporation acquired additional machinery and equipment for the installation of a sausage kitchen. In order to acquire capital for the acquisition of this equipment and for operating expenses the corporation, in 1955, borrowed from *247 the petitioners the sum of $300,000, giving its note therefor, secured by a deed of trust upon the corporate property and by a chattel mortgage. The note provided for monthly payments of $1,761.99 for 120 months, and the payment of the balance on the first day of the 121st month. The payments were first to be applied to interest at 5 1/4% per annum and then to principal. The interest has been paid regularly by the corporation to the petitioners each month since the incurring of the indebtedness, but the payments on the principal have not followed the above arrangement. During the calendar years 1958, 1959, and 1960, in addition to salary, the corporation paid to petitioners or expended on their behalf $4,353.78, $5,353.42, and $7,869.30, respectively (a total of $17,576.50), for the following purposes: Years
1958
1959
1960
Personal residence
Painting
$ 135.00
$ 853.82
$1,410.00
Repairs
36.00
Landscaping
49.16
189.23
T/V repairs
62.35
5.63
30.49
Telephone
60.00
60.00
60.00
Gas and electric
180.00
180.00
180.00
Domestic help
1,231.65
1,116.12
1,823.44
Entertainment
Restaurant
274.95
246.97
248.37
Cash
268.55
455.00
100.00
Liquor
32.72
85.34
Flowers
43.16
8.32
Gifts
59.31
Travel expense
Hotel
152.17
459.61
1,022.21
Plane and train
224.75
341.69
1,280.76
Personal insurance
7.81
Drug expense
176.94
145.59
184.46
Golf club
103.93
15.00
Summer residence expenses
270.64
249.34
216.02
Personal automobile
Value of use
840.00
840.00
840.00
Gasoline
240.00
240.00
240.00
Totals
$4,353.78
$5,353.42
$7,869.30
*248 The corporation deducted the above amounts as business expenses in its returns for the years in which the payments were made. At the time such amounts were paid both the corporation and the petitioners intended that they should constitute business expenses of the corporation and not salaries, dividends, or repayment of the loan made by the petitioners to the corporation. Sometime in 1962 an internal revenue agent examined the corporation's income tax returns for the fiscal years ended March 31, 1958 through March 31, 1961. In his report, dated October 12, 1962, the agent disallowed these claimed deductions on the ground that they represented personal expenses of the petitioners. The corporation did not contest the disallowance and executed a waiver of restrictions on assessment and collection of the deficiency for those years, such waiver containing the following language: The taxpayer agrees to the deficiency indicated above but does not agree to the determination that personal items disallowed in this report represent dividend income on the related reports of the corporation's stockholders, Mr. Cornelius C. Noble and Mrs. Pausy H. Noble. The taxpayer contends that these items represent *249 repayment of loans made to the corporation by the stockholders. Under either premise, the claimed expenses are not allowable on the corporate returns, hence the taxpayer agrees to the deficiency indicated above but not to the classification of the disallowed amounts as dividends to the stockholders. On May 15, 1962, during the progress of the above-mentioned audit, the board of directors of the corporation (consisting of the petitioners) adopted a resolution providing in part as follows: WHEREAS, an audit of the books and records of Noble's Independent Meat Company is presently being conducted by the United States Treasury Department, Internal Revenue Service; and WHEREAS, certain items of business expense as set forth in the corporate books are being disallowed; and WHEREAS, among said items are payments to or for the benefit of Cornelius C. Noble and Pansy H. Noble; and WHEREAS, at the time the payments were made it was considered by the corporation and Cornelius C. Noble and Pansy H. Noble that said expenditures were proper items of business expense; and WHEREAS, said items, if finally disallowed by the Treasury Department, will not constitute proper items of business expense as *250 shown on the books of said corporation; and WHEREAS, during the tax years ending on March 31, 1959, 1960 and 1961, this corporation was indebted to Cornelius C. Noble and Pansy H. Noble in excess of $275,000.00; and WHEREAS, at the time that said disallowed expenditure items were paid, it was not intended by this corporation to constitute payments for services rendered nor payments of dividends; and WHEREAS, Cornelius C. Noble and Pansy H. Noble have advised Noble's Independent Meat Company that to the extent that said items paid to them or for their account are finally disallowed as proper items of expense by said Treasury Department, that they desire said items to constitute repayment of a portion of the indebtedness due them from this corporation; and WHEREAS, this corporation concurs in said request and desires said disallowed items of business expense to constitute payment on said indebtedness; NOW, THEREFORE, BE IT RESOLVED that any and all disallowed business expense items of Noble's Independent Meat Company which were paid to or for the benefit of Cornelius C. Noble and Pansy H. Noble, be deemed to be payment on account of the indebtedness of this corporation to Cornelius C. *251 Noble and Pansy H. Noble, and that this corporation shall receive credit therefor. On February 19, 1963, the petitioners received the notice of deficiency for their taxable years 1958, 1959, and 1960, in which the amounts totaling $17,576.50 were determined to be taxable dividends paid to them by the corporation. Thereafter the corporation, on March 31, 1964, pursuant to the above resolution of May 15, 1962, made a bookkeeping entry reducing the amount of its loan owing to the petitioners by the amount of $17,576.50. At the same time, the accounts were changed to show that over the period May 15, 1962 to March 31, 1964, interest had been overpaid by the corporation in that interest paid had been computed on the basis of the loan undiminished by the amount of $17,576.50. The following schedule shows the amounts paid by the corporation on its debt to the petitioners or credited as paid on the loan account: Amount Paid or
Credited on
Date
account
Balance
$300,000.00
Oct. 31, 1958
$ 3,500.00
296,500.00
Mar. 31, 1959
6,500.00
290,000.00
May 31, 1959
15,000.00
275,000.00
May 15, 1962
17,576.50
257,423.50
The earned surplus and undivided profits of the corporation for its fiscal years ended March 31, 1958 *252 through March 31, 1961, as reported by it on its returns for those years, and its taxable income as corrected by the internal revenue agent are as follows: Earned Surplus
Earned Surplus
at Beginning
at End of
Corrected Tax-
Fiscal Year
of Year
Year
able Income
4/1/57 to 3/31/58
$174,344.52
$137,521.56
($33,555.42)
4/1/58 to 3/31/59
137,521.56
178,408.97
22,472.03
4/1/59 to 3/31/60
178,408.97
216,701.66
90,995.77
4/1/60 to 3/31/61
216,701.66
225,612.90
26,512.19
For the fiscal years ended March 31, 1947 through March 31, 1961, the corporation's books reflected net income (after calculated state and Federal taxes), cash on hand, and notes payable as follows: Fiscal year ending
Net Earnings
Cash on Hand
Notes Payable
3/31/47
$78,796.50
$14,395.56
$ 30,000.00
3/31/48
32,362.13
465.37
30,000.00
3/31/49
45,545.59
46,922.85
57,537.65
3/31/50
30,870.27
(1,689.28) *
57,537.65
3/31/51
17,074.76
(35,860.27) *
97,537.65
3/31/52
19,837.02
(1,145.54) *
151,806.11
3/31/53
(29,243.90)
21,958.87
245,806.11
3/31/54
7,509.80
2,180.54
249,952.14
3/31/55
(15,804.66)
23,599.02
299,952.14
3/31/56
20,369.75
49,388.82
300,000.00
3/31/57
(19,813.42)
14,628.05
300,000.00
3/31/58
(36,822.96)
49,239.58
300,000.00
3/31/59
33,133.42
38,755.20
290,000.00
3/31/60
38,292.69
21,037.77
275,000.00
3/31/61
8,911.24
42,299.21
275,000.00
*253 The corporation has never declared any formal dividends. Its available funds and the loan from the petitioners were used for modernization of its plant in order to increase efficiency and thereby meet increased competition and labor costs. In the notice of deficiency the respondent determined that the petitioners realized additional income from the corporation in the taxable years 1958, 1959, and 1960 in the amounts of $4,353.78, $5,353.42, and $7,869.30, respectively, or a total of $17,576.50. He explained his determination in each of the years as follows: It is held the amount of * * * representing personal expenses paid by Noble's Independent Meat Company of which you are the sole stockholders and corporate officers, constitutes taxable dividend income to you. Income has accordingly been increased by * * *. Opinion The respondent's determination that the amounts in question paid by the corporation to or on behalf of the petitioners in their taxable years 1958, 1959, and 1960 constituted taxable dividends to them is based upon his determination that these amounts were for the personal benefit of the stockholders rather than for the benefit of the corporation. On brief *254 the petitioners state that the payments were made under the mistaken belief [1] that they constituted valid expenses of the corporation, and that it was subsequently determined that they were not. They contend that under the circumstances and in view of the resolution of the board of directors of the corporation adopted on May 15, 1962, these amounts should not be considered as dividends to the stockholders, but should be treated as repayments to the petitioners on the loan which they had previously made to the corporation in the amount of $300,000. We cannot agree that the action of the corporation and the petitioners subsequent to the taxable years in question has the effect, for Federal income *255 tax purposes, of establishing these payments as repayments of the loan. It is a cardinal principle of Federal income taxation that tax liability is to be computed upon an annual basis. Burnet v. Sanford & Brooks Co., 282 U.S. 359. And this principle requires the determination of income in the light of the circumstances and rights and obligations as of the close of the taxable year, without regard to the effect of subsequent events. Phillips v. Commissioner, (C.A. 9) 262 F. 2d 668, affirming 29 T.C. 47; United States v. Simon, (C.A. 6) 281 F. 2d 520; Crellin's Estate v. Commissioner (C.A. 9) 203 F. 2d 812, affirming 17 T.C. 781; Leicht v. Commissioner, (C.A. 8) 137 F. 2d 433, affirming a Memorandum Opinion of this Court; and Tadeusz J. Kownacki, 37 T.C. 603. When the payments were made in the years in question they did not represent repayments of the loan made to the corporation by the petitioners. Nor in such years was there any obligation on the part of the petitioners to repay such amounts to the corporation. Since the payments when made did not constitute business expenses of the corporation, loans to the petitioners, repayments of loans made by the petitioners to the *256 corporation, or salaries to the petitioners, the conclusion is inescapable that such payments constituted distributions by the corporation to the petitioners. The fact that, as stipulated by the parties, it was not the intention of the corporation or the petitioners that these amounts should constitute dividends, is not decisive. In Clark v. Commissioner, (C.A. 9) 266 F. 2d 698, affirming on this issue a Memorandum Opinion of this Court, it was stated in part: To constitute a distribution taxable as a dividend, the benefit received by the shareholder need not be considered as a dividend either by the corporation or its shareholders, declared by the board of directors, nor other formalities of a dividend declaration need be observed, if on all the evidence there is a distribution of available earnings or profits under a claim of right or without any expectation of repayment. Internal Revenue Code (1939), 26 U.S.C. Section 115; Healy v. Commissioner of Internal Revenue (1953), 345 U.S. 278, 281; Dawkins v. Commissioner of Internal Revenue (1956), 8 Cir., 238 F. 2d 174, 178; Chesbro v. Commissioner 21 T.C. 123], supra, 129; Paramount-Richards Theaters, Inc. v. Commissioner of Internal Revenue (1946), 5 Cir., 153 F. 2d 602, 604; *257 1 Mertens, Law of Federal Income Taxation, Section 907, Section 912. * * *. See also Irving Sachs, 32 T.C. 815, affd. (C.A. 8) 277 F. 2d 879, certiorari denied 364 U.S. 883, and American Properties, Inc., 28 T.C. 1100, affd. (C.A. 9) 262 F. 2d 150. Section 316(a) of the Internal Revenue Code of 1954 provides that the term "dividend" means any distribution of property made by a corporation to its shareholders out of its earnings and profits accumulated after February 28, 1913, or out of its earnings and profits of the taxable year. The evidence here shows that the corporation had earnings and profits available for the distribution of taxable dividends in excess of the amounts in question. We must conclude that the respondent did not err in determining that the payments in question constituted taxable dividends to the petitioners in the years received by them. As we stated in Lou Levy, 30 T.C. 1315, there is no rule which prohibits treating corporate distributions as dividends merely because the stockholder is a creditor of the corporation. The petitioners rely upon Garden State Developers, Inc., 30 T.C. 135, as sustaining their contention that where a corporation is indebted *258 to its stockholders amounts paid by the corporation on their behalf may be treated as repayments of the indebtedness and not constructive dividends. We think the principle of that case is not applicable here. In that case it appeared that the amounts were advanced by the individuals to the corporation for the purpose of having the corporation as a conduit pay what was in reality the individuals' obligation. Under the circumstances, we there held that the amounts paid by the corporation should be considered either as repaying the outstanding loan balances or as being made out of funds deposited with the corporation for the very purpose for which they were used. In the instant case there was no relation whatever between the amounts loaned by the petitioners to the corporation and the amounts paid out by the corporation for the benefit of the petitioners. Decision will be entered for the respondent. Footnotes
*. (overdraft)↩
1. The stipulation of facts contains the following: At that time [the time the sums were received by petitioners or were expended on their behalf], both the corporation and the petitioners intended that the same constituted business expenses on the part of the corporation. At the time said sums were received or expended, it was not the intention of the corporation or the petitioners that the said sums constituted the payment of salaries, dividends or repayment of the loan hereinbefore referred to.↩