N. GORDON PHILLIPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LAURETTA M. PHILLIPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 58561, 58562. Filed October 16, 1957.

*Sidney R. Reed, Esq.*, for the petitioners.
*Mark Townsend, Esq.*, for the respondent.

OPINION.

MULRONEY, *Judge*: The respondent determined a deficiency in the income tax of the petitioners in these consolidated cases for the calendar year 1951 in the amount of $15,525.59. The sole issue in controversy here is whether the proceeds from the sale of certain stock, reported as income in the 1951 joint return of petitioners, can be included in that year's income when it appeared petitioners were obliged to pay back such proceeds to a claimant in a later year.

Most all of the facts were stipulated and the stipulated facts are found accordingly. N. Gordon Phillips and Lauretta M. Phillips, petitioners in these consolidated cases, are husband and wife residing in Beverly Hills, California. They filed a joint income tax return for 1951 with the then collector of internal revenue for the sixth district of California at Los Angeles, California. Petitioner, N. Gordon Phillips, will hereafter sometimes be referred to as petitioner, as Lauretta is only interested in the case by virtue of the community property laws of California and her liability under the joint income tax return for 1951.

Petitioner organized and promoted the Gordon Oil Company, a California corporation organized on January 30, 1949. For his services and for the transfer of certain leasehold interests, he was to receive one-half of the stock of the said company. A permit was issued by the corporation commissioner for the State of California in March 1949, authorizing the issuance of 13,000 shares of stock to petitioner and the sale of an additional 13,000 shares at a par value of $10, and providing that all shares should be held in escrow and that petitioner should receive no dividends on his shares until the purchasers of shares for cash had been reimbursed for the full purchase price.

Petitioner sold 1,790 shares of stock to other parties, and in March 1949 the corporation commissioner consented to the transfer of said 1,790 shares within escrow to the names of such purchasers. In August 1949 a written instrument was executed by petitioner and G. W. Raichart under the terms of which petitioner purportedly agreed to give "[f]or promotional services rendered," when received by petitioner from escrow, 320 shares of the capital stock of the Gordon Oil Company.

G. W. Raichart died on December 27, 1950, and shortly thereafter petitioner put through a transaction with a man named Kline wherein the latter agreed to purchase all of the stock of the Gordon Oil Company. On March 21, 1951, petitioner received 11,210 shares out of escrow (13,000 shares less 1,790 shares previously transferred) and

on or about the same date sold them to Kline for $1,689,347. In August 1951 the Gordon Oil Company was dissolved, thereby extinguishing all of its outstanding shares.

Petitioner treated all of the shares of stock and the proceeds received from the sale of stock as his own, reporting the gain from the sale on his 1951 income tax return.

In February 1952 the widow of G. W. Raichart, as executrix of his will, brought an action in the Superior Court of California against petitioner for breach of contract and for conversion with respect to the 320 shares of stock which was the subject of the aforementioned instrument executed by petitioner and Raichart. Petitioner resisted the claim, asserting that the instrument executed by him and Raichart was never intended to be an agreement and was void; that it was executed without consideration; and in the alternative that the written agreement had been canceled and extinguished by an oral agreement between the parties. In December 1952 the Superior Court rendered a decision and judgment in favor of the plaintiff holding the defendant in that action, petitioner here, was guilty of conversion of 320 shares of the Gordon Oil Company stock. Since the stock had been disposed of, a money judgment was awarded the plaintiff in that action. The District Court of Appeals, Fourth District of California, affirmed the judgment and an appeal to the Supreme Court of California was denied. Petitioner paid the judgment, together with interest, in the amount of $56,755.73 in 1953.

In his 1953 return Phillips did not claim a deduction for the payment of the judgment. In 1953 his operations, without regard to the payment of the judgment, resulted in a loss and he had no taxable net income for that year.

The deficiencies set forth in the statutory notices are due to the reduction in the basis of the 11,210 shares of Gordon Oil Company stock sold and reported by petitioner. Petitioner does not contest this reduction in basis but contends that he is entitled to reduce the sales proceeds reported in his 1951 return by the amount of money received for the 320 shares of stock, which money he was obliged to refund in 1953, pursuant to the judgment of the California courts.

Respondent contends that the proceeds were received by petitioner under a claim of right without restriction as to their disposition, and they are taxable to petitioner in 1951, the year they were received and retained, even though in a later year, 1953, the petitioner was obliged to refund them.

We agree with the respondent that the portion of the proceeds received from the sale of the 320 shares in 1951 was taxable income to the petitioner for that year even though he was later obliged to return the

portion of the proceeds received from such sale. The "claim of right" doctrine, which supports respondent, had its origin in *North American Oil* v. *Burnet*, 286 U. S. 417. The opinion explains the doctrine as follows (286 U. S. at 424):

If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent. * * *

There is no need to go into a general discussion of the claim of right doctrine. It has been applied many times. See *Healy* v. *Commissioner*, 345 U. S. 278; *Rutkin* v. *United States*, 343 U. S. 130; and *Michael Phillips*, 25 T. C. 767, aff'd. 238 F. 2d 473.

The facts of this case bring it clearly within the claim of right doctrine. Petitioner treated all 11,210 shares of stock which he received from escrow as his own and he sold the stock in 1951 and treated the entire proceeds from such sale as his own. It was not until 1952 that a claim was filed against the portion of these proceeds representing the 320 shares claimed by Raichart's estate. Petitioner continued to claim his right to the proceeds from the sale of these 320 shares of stock. In what petitioner terms a "hotly contested adversary proceeding" it was ultimately decided that petitioner's claim of right was invalid.

Since petitioner retained the proceeds from the sale of the 320 shares of stock under claim of right without restriction as to the disposition of said proceeds, he is taxable in the year of sale, regardless of any infirmity in his title and despite the fact that he was obliged to refund the proceeds of said sale in 1953.

Petitioner argues that judgments of State courts in matters of title to property must be respected and here the California State court ruled the 320 shares belonged to Raichart's estate and no income tax can be exacted from petitioner on the proceeds of the sale of that stock. But petitioner realized income from the sale of this stock in 1951, which he claimed as his own and which he retained at the close of the year. The force of the California judgment compelling the payback is recognized and petitioner's complying with the mandate of the judgment will give him a deduction from income in the year it is made.

Petitioner's real argument is in effect an equitable appeal. Petitioner's operations were such that in 1953 when he paid the $56,755.73, he had no taxable income, and, he argues, unless he prevails here, he will be without remedy and respondent will be exacting a tax on income which he reported but was not allowed to retain. But a cardinal principle of Federal income taxation requires annual returns and accounting. *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359. This principle requires the determination of income at the close of the tax-

able year without regard to the effect of subsequent events. One can admit the equities of the situation favor petitioner but this Court must decide the case according to the applicable law for the taxable year.[1]

*Decisions will be entered for the respondent.*

---

[1] It is to be observed that Congress granted some relief in this area by providing, in section 1341 of the 1954 Code, that where a taxpayer is required to restore an amount, in excess of $3,000, which was included in his income in a prior year under a claim of right, he may either (1) claim a deduction in the current year for the amount so restored, or (2) eliminate the amount so restored from the income of the prior year and decrease his current year's tax by the resulting decrease in tax for the prior year, with special rights for credits and refunds in certain situations.

