MARTIN RAYMOND BOWEN, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 69452, 69453, 69454. Filed May 17, 1960.

---

[1] Proceedings of the following petitioners are ordered consolidated herewith for the purposes of this opinion: Mary Jane Tucker, Docket No. 69453, and Estate of S. Lewis Tim, Evelyn W. Bowen, Administratrix, Docket No. 69454.

*Matthew J. Shevlin, Esq.,* for the petitioners.
*Norman L. Rapkin, Esq.,* for the respondent.

OPINION.

ARUNDELL, *Judge:* Respondent determined deficiencies in income tax for the taxable year ended December 31, 1951, against petitioners as follows:

| No. | Petitioner | Deficiency |
|-----|------------|------------|
| 69452 | Martin Raymond Bowen | $1,196.12 |
| 69453 | Mary Jane Tucker | 1,196.12 |
| 69454 | Estate of S. Lewis Tim, Evelyn W. Bowen, Administratrix | 3,458.28 |

The issues are: (1) Whether certain moneys paid to the Estate of S. Lewis Tim in 1951 pursuant to a judgment of the Monmouth County Court, Probate Division, at Freehold, New Jersey, were taxable income and, if so, (2) whether such moneys are taxable to the petitioning estate or to the other two petitioners.

We find the facts as stipulated and set forth only those deemed necessary in reaching our decision.

S. Lewis Tim was the father of petitioners Mary Jane Tucker (formerly Mary Jane Bowen, formerly Mary Jane Tim), and Martin Raymond Bowen (formerly Martin Rice Tim). S. Lewis Tim was married to Evelyn W. Tim (now Evelyn W. Bowen) on April 30, 1929. Martin and Mary were twin children of the marriage and were born July 25, 1935. The parents were divorced May 22, 1939, and on September 16, 1939, S. Lewis Tim died a resident of the State of New Jersey. The infant children, Martin and Mary, lived with their mother in the State of New York.

By the terms of the will of S. Lewis Tim, the children received nothing, the entire net estate going to his father, Louis B. Tim, and his mother, Edna R. Tim, in equal shares. The will was admitted to probate in the Surrogate's Court of Monmouth County, Freehold, New Jersey, and letters testamentary were issued decedent's father, Louis B. Tim, on the 25th day of October 1939.

As provided for in the will of S. Lewis Tim, his father and executor, Louis B. Tim, distributed equally the net estate, amounting to $65,936.07, to himself and his wife, Edna R. Tim.

During the period 1940–1945, Louis B. Tim and Edna R. Tim paid to Evelyn W. Bowen, the mother of the infants, for the infants'

benefit, a total sum of $16,281.78 which represented the approximate income from the securities left by the decedent, S. Lewis Tim, during that period.

The mother of the infants remarried on December 12, 1940, and upon the adoption of the infants on June 20, 1945, by her husband, Stephen Bowen, the payments by Louis B. Tim and Edna R. Tim were discontinued.

On or about February 1, 1948, it was ascertained that the will under which Louis B. Tim was acting as executor was invalid due to the nonage of his son, S. Lewis Tim, and that therefore the property of the decedent passed by intestacy to his two infant children. Accordingly, judgment was entered in the Monmouth County Court, Probate Division, on December 2, 1948, setting aside the will and the letters testamentary issued thereon and directing Louis B. Tim to account to the Estate of S. Lewis Tim. Evelyn W. Bowen, the mother of the infants, was appointed administratrix of the Estate of S. Lewis Tim on January 4, 1949.

The accounting proceeding disclosed that most of the securities owned by the decedent at the time of his death had been sold and that the proceeds had been commingled with the personal holdings of Louis B. Tim and Edna R. Tim and accordingly were unidentifiable. In the first and final account of Louis B. Tim as executor, Louis B. Tim accounted for the income received by him on all the stock owned by the decedent until the time of the sale by him of such stock. He accounted for income on the balance of the corpus, which had been intermingled with his own, by charging himself with interest at the rate of 2½ per cent. The special guardian of the infant children objected to the executor's charging himself at the rate of 2½ per cent and in exception No. 8 stated that it was "wholly arbitrary, unlawful and improper for the reasons that the securities which came to the hands of the accountant paid a far greater rate and the full amount of said return should be accounted for." Evelyn W. Bowen as administratrix also filed exceptions to the account, exception No. 8 being:

The accountant charges himself for income, on the basis of the amount reported in said account, at the rate of 2½ per cent per annum. The amount of income with which accountant should charge himself should be in excess of 2½ per. cent and on the basis of what the principal of the estate could have earned during the period for which the accountant so charges himself.

On August 6, 1951, the Monmouth County Court entered its "Judgment Allowing Account and Adjudicating Upon Exceptions" in the matter of the Estate of S. Lewis Tim, Deceased. The judgment is in part as follows:

5. That Exception No. 8 of the Stipulation aforesaid of the administratrix and Exception No. 8 of the guardian ad litem be sustained and allowed to

require the accountant to charge himself with interest at the rate of 4.291 per cent on the principal proceeds received by the accountant upon the sales of the securities of the decedent's estate from the dates of the respective sales thereof to June 22, 1951, which total amount of interest is hereby fixed at $16,931.46 * * *

6. That accountant be allowed a credit for interest at the rate of 4.291 per cent on the sum of $57,438.83, the sum already paid by the accountant to the administratrix from the date of said payment on June 13, 1949, to June 22, 1951, the date of the final hearing hereon, which total amount of interest is hereby fixed at $4,991.02.

The $11,940.44 adjustment here involved results from the difference between the $16,931.46 and the $4,991.02 referred to in the above-mentioned judgment. This amount of $11,940.44 was paid to the administratrix on August 29, 1951.

The administratrix was unable to distribute to the special guardian of the infant children any of the moneys received from Louis B. Tim and Edna R. Tim, including the $11,940.44 here involved, without first instituting special proceedings in accordance with Title 3A, chapter 23, sections 1–5, of the New Jersey Revised Statutes.

Proceedings were instituted by the administratrix pursuant to the above-mentioned provisions of the New Jersey Revised Statutes and, on November 7, 1952, the Monmouth County Court entered its judgment authorizing the removal from the State of the moneys held by the administratrix, including the $11,940.44 here in question. The administratrix paid the $11,940.44 to the special guardian of the infant children on March 16, 1953.

Louis B. Tim and Edna R. Tim claimed and were allowed by the respondent an interest deduction in the amount of $11,940.44 on their 1951 Federal income tax return.

No Federal income tax returns were filed by petitioners for the taxable year 1951.

The respondent determined that the full amount of $11,940.44 should be included in the gross income of the Estate of S. Lewis Tim for the taxable year 1951; and that one-half of that amount, or $5,970.22, should be included in the gross income of each of the other petitioners for the year 1951.

The respondent concedes that the $11,940.44 adjustment here involved is taxable but once, either to the estate in the amount of $11,940.44, or to the other petitioners in the amount of $5,970.22 to each.

Petitioners' principal contention is that the $11,940.44 paid by the former executor to the administratrix on August 29, 1951, pursuant to the judgment of the Monmouth County Court was not interest paid on indebtedness but constituted nontaxable "restitution" and, therefore, the payment was not taxable income to any of the petitioners herein. We think this contention is without merit. There can

be no doubt that the net amount of $11,940.44 actually represented, as best could be determined, the earnings on that part of the corpus belonging to the children that had been commingled with the assets of their grandparents from the date of decedent's death in 1939 to June 22, 1951. Louis B. Tim in his first and final account had accounted separately for the corpus and separately for the income. In accounting for the income on the corpus that had been commingled he simply estimated it as "interest" at the rate of 2.5 per cent from the date of death of decedent to December 31, 1947, added such estimate to the actual dividends and interest that could be accounted for, and then took credit for the $16,281.78 that he and his wife had paid over to Evelyn on behalf of the children during the years 1940 to 1945. The court allowed the credit but held that the so-called interest should be at the rate of 4.291 per cent instead of 2.5 per cent and should be computed to June 22, 1951, instead of December 31, 1947. We do not think it is material in the disposition of these cases to determine whether the $11,940.44 here in question represented "interest" in its restricted sense, since it is our opinion that in a larger sense it represented "gross income" within the general definition of that term as defined in section 22(a) of the Internal Revenue Code of 1939.

Petitioners base their contention that the $11,940.44 constituted nontaxable restitution rather than gross income to them on the fact that over the years Louis B. Tim and Edna R. Tim had included in their returns and paid tax on all the income received from the corpus of the Estate of S. Lewis Tim (including the income from the commingled portion) upon the mistaken but honest belief that the corpus and income therefrom belonged to them, and from this they argue that the tax having been paid once the respondent cannot now collect twice on the same income.

The respondent is not seeking to collect twice on the same income. It may be true that during the years from 1939 to 1951 Lewis B. Tim and Edna R. Tim returned the income received from the corpus of their son's estate and paid the tax thereon, but it is also true that when they paid over the $11,940.44 in 1951 to the administratrix pursuant to the judgment of the Monmouth County Court, the respondent allowed them a deduction of that amount from their gross income in their 1951 return. Support for such action on the part of the respondent is found in such cases as *Healy* v. *Commissioner*, 345 U.S. 278, and *N. Gordon Phillips*, 29 T.C. 47, affd. 262 F. 2d 668 (C.A. 9).

In our opinion there can be no doubt but that under the stipulated facts the $11,940.44 constitutes "gross income" within the general definition of that term as used in section 22(a), *supra*. The only

question is whether it is taxable in 1951 to the Estate of S. Lewis Tim or to the beneficiaries thereof. We think it is taxable to the estate.

Section 161(a)(3) of the 1939 Code imposes a tax on "[i]ncome received by estates of deceased persons during the period of administration or settlement of the estate" and section 161(b) provides that "[t]he tax shall be computed upon the net income of the estate * * * and shall be paid by the fiduciary * * *."

Evelyn W. Bowen did not file her affidavit of services as administratrix until October 22, 1952, in which she stated:

15. The accounting now pending before this Court is my first and final accounting for my office of Administratrix of this decedent's estate and is for the period from January 4, 1949, the date of my appointment to said office, to and including February 27, 1952.

The Estate of S. Lewis Tim was, therefore, in the process of administration during the entire calendar year 1951. On August 29, 1951, the amount of $11,940.44 was paid to the administratrix and was gross income to the estate under section 22(a), *supra.* It was taxable to the estate unless allowed as an additional deduction under section 162, which provides:

The net income of the estate * * * shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate * * * the amount of the income of the estate * * * for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate * * * which, within the taxable year, becomes payable to the legatee. heir, or beneficiary. * * *

Where a decedent dies intestate, as was the situation here, the determination of whether income is to be distributed currently by the estate is a question of State law. *Estate of B. Brasley Cohen,* 8 T.C. 784 (1947). Title 3A:25-4 of the New Jersey Statutes Annotated (perm. ed.), page 193, provides:

After executors or administrators legally account for personal property of the decedent, the court in which they have accounted, may direct a just and equal distribution of the personal property, whereof the decedent died intestate, which remains after payment of debts, funeral charges and other just expenses in the manner and portions set forth in chapter 4 of this title (§3A:4-1 et seq.).

Chapter 4 of title 3 covers descent and distribution of intestate property and in a situation such as we have here provides that the intestate's property shall be distributed in equal portions among the intestate's children. Tit. 3A: 4-2, N.J. Stat. Ann., p. 345.

In the instant case the administratrix was unable to distribute any of the moneys here in question without first instituting special proceedings in accordance with certain provisions of the New Jersey statutes. Tit. 3A:23–1 to 5, N.J. Stat. Ann., pp. 514–517. It was not until November 7, 1952, that the Monmouth County Court entered its judgment authorizing the removal from the State, of the moneys held by the administratrix and the administratrix did not pay the $11,940.44 here in question to the special guardian of the infant children until March 16, 1953.

We hold that the $11,940.44 here in question did not become payable to the beneficiaries during the year 1951 and, therefore, was not "income which is to be distributed currently" as that term is used in section 162(b), *supra*. It follows that the $11,940.44 is taxable to the Estate of S. Lewis Tim and not to the beneficiary petitioners, Martin Raymond Bowen and Mary Jane Tucker. We so find and we so hold. See *Jean E. L. Ryan*, 15 T.C. 209.

*Decisions will be entered under Rule 50.*