John C. and Xochitl G. Doying v. Commissioner.
Doying v. Commissioner
Docket No. 93283.
United States Tax Court
T.C. Memo 1963-96; 1963 Tax Ct. Memo LEXIS 248; 22 T.C.M. (CCH) 462; T.C.M. (RIA) 63096; April 3, 1963
Dale C. Campbell, Esq., for the petitioners. Ralph A. Anderskow, Esq., for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: A deficiency in the income tax of petitioners for the taxable year 1957 has been determined by respondent in the amount of $438.26. *249 The issues for decision are: (1) Whether respondent is barred in this action by failing to give notice in writing that a re-examination of petitioners' books was necessary pursuant to section 7605(b) of the 1954 Code. (2) Whether petitioners are entitled to increase their basis in stock received as a gift in 1952 by the amount of transferee liability incurred in 1961 in relation to such stock in determining gain on the sale in 1957 of a portion thereof. All of the facts have been stipulated and are so found. John C. Doying and Xochitl G. Doying (hereinafter called the petitioners) are husband and wife residing in Royal Oak, Michigan. They filed their joint income tax return for 1957 on the cash basis with the district director of internal revenue, Detroit, Michigan. John C. Doying received 30 shares of $100 par value stock of Bushings, Inc., as a gift from his father, Bidwell C. Doying (hereinafter referred to as the donor). The stock was transferred to John on October 20, 1952, and a certificate for 30 shares was then issued in his name. The donor's basis in the 30 shares was $3,000 as of that date. The book value of the stock on that date was $6,660.90. During the time *250 John owned the stock there was a stock split of 250 shares for one and four 10 percent stock dividends. By 1957 the original 30 shares of $100 par value stock had increased to 10,981 shares of $1 par value stock with a substituted donor's basis of $.2732 (cents) per share. On June 27, 1957, the 10,981 shares of Bushings stock became jointly owned by the petitioners upon issuance of a new certificate in the names of John C. and Xochitl G. Doying as joint tenants. Petitioners held the stock as an income producing investment. On November 1, 1957, petitioners sold 2,750 shares of the stock for $8,250. They reported the sale on their 1957 income tax return as a long-term capital gain in the amount of $4,125 after deducting a basis of $4,125 ($1.50 per share). They state on brief that they had been informed by the donor at that time that his cost basis was $1.50 per share. It is now stipulated, however, that the substituted donor's basis for the stock sold was $751.30 (2,750 shares at $.2732 (cents) per share). On or about December 7, 1959, petitioners received a Form L-1 letter from the district director of internal revenue, Detroit, Michigan, pertaining to their income tax return for *251 1957. The letter provided in part: Our recent examination of your tax liability for the (years) indicated above discloses that no change is necessary to the tax reported. Accordingly, the (returns) will be accepted as filed. On April 13, 1961, the respondent sent the petitioners a statutory notice of deficiency in income tax for 1957. The deficiency of $438.26 was based on the respondent's determination that the basis for the 2,750 shares of Bushings stock that was sold was $751.30 and not $4,125 as reported. Capital gain was increased in the amount of $3,373.70, fifty percent of which resulted in taxable gain of $1,686.85. A statutory notice of transferee liability was mailed to John C. Doying on January 5, 1961. The transferee liability asserted against him was in the amount of $7,218.90, plus interest as provided by law, representing the fair market value of the 30 shares of Bushings stock received from his father on October 20, 1952. A petition was filed with this Court in the transferee case. Subsequently, John agreed and stipulated to his liability in the amount of $4,000, plus interest as provided by law, as transferee for unpaid income taxes and additions to taxes of *252 Bidwell C. Doying, transferor, for the taxable year 1943 through 1946, 1948, and 1949. The transferee liability has not been paid. Petitioners assert that their substituted basis ($3,000) in the Bushings stock should be increased by $4,000, the amount of transferee liability, to give them a basis of $7,000, or $.6375 (cents) per share. With respect to the first issue, the petitioners contend that respondent failed to give notice in writing that a re-examination of petitioners' books was necessary, pursuant to section 7605(b) of the Internal Revenue Code of 1954, [1] and that the action is now barred by the statute of limitations. In support of this contention, petitioners rely on the Form L-1 letter which they received on December 7, 1959, indicating that respondent's examination of their tax liability for 1957 revealed that no changes were necessary. Nevertheless, on April 13, 1961, a statutory notice of deficiency for 1957 was mailed to petitioners. *253 We can dispose of this issue summarily on two grounds. Although it is questionable whether this issue was adequately raised in the pleadings, there is no evidence to show that a second examination of the petitioners' books was in fact made. Moreover, if there was a re-examination, it would appear that petitioners waived any objection by consenting thereto. See Leslie A. Sutor, 17 T.C. 64 (1951), and United States v. O'Connor, 237 F. 2d 466 (C.A. 2, 1956). Petitioners then frame the principal issue this way: Whether transferee liability can be added under section 1016(a)(1) of the 1954 Code [2] to their basis in stock received as a gift. While this would indeed present an interesting question had the transferee liability in fact been paid prior to the sale of a portion of the stock, we need not decide that issue here. The transaction which gave rise to this deficiency was the sale of 2,750 shares of Bushings stock *254 in 1957, the taxable year involved. Even though the stock may have been impressed with potential transferee liability at the time of gift, no such liability was determined against John C. Doying until the statutory notice was mailed on January 5, 1961, and the amount of transferee liability was not definitely established until he later agreed that it was $4,000. There had been no assertion of transferee liability, no agreement to such liability, and no payment of it prior to the sale of the stock in the year before us. To our knowledge the amount still remains unpaid and, for all we know, may never be paid. Therefore, if we were to assume, as petitioners would have us do, that transferee liability is an expenditure or other item "properly chargeable to capital account" under section 1016(a)(1) to adjust basis, they are not entitled to so adjust their basis because they had not been subjected to any such liability or paid it prior to the sale of the stock in question. We think our statement in N. Gordon Phillips, 29 T.C. 47 (1957), affd. 262 F. 2d 668 (C.A. 9, 1959), is particularly applicable to this situation: * * * a cardinal principle of Federal income *255 taxation requires annual returns and accounting. Burnet v. Sanford & Brooks Co., 282 U.S. 359. This principle requires the determination of income at the close of the taxable year without regard to the effect of subsequent events. * * * No argument has been advanced that the payment of transferee liability converted the gift transaction into a partial sale (which might have provided the transferee with a new basis, i.e., cost, rather than the substituted basis of his transferor), nor could such an argument have been made since petitioners had not paid any portion of the transferee liability prior to the sale of the stock. Cf. Lloyd H. Redford, 28 T.C. 773 (1957). Accordingly, we hold that, pursuant to section 1015(a), the petitioners' basis in the 2,750 shares of stock sold in 1957 was the same as that of the donor. The respondent's determination is sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 7605. TIME AND PLACE OF EXAMINATION. * * *
(b) Restrictions on Examination of Taxpayer. - No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.↩
2. SEC. 1016. ADJUSTMENTS TO BASIS. (a) General Rule. - Proper adjustment in respect of the property shall in all cases be made - (1) for expenditures, receipts, losses, or other items, properly chargeable to capital account, * * *↩