Stephen F. WYNDHAM and Frances G. Wyndham, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. AC/563.

United States District Court
E. D. South Carolina,
Columbia Division.

Oct. 4, 1961.

Edens & Hammer, Columbia, S. C., for plaintiffs.

Terrell L. Glenn, U. S. Atty., Columbia, S. C., Leon W. Vaseliades, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

WYCHE, District Judge (sitting by designation).

This is an action for the recovery of income taxes alleged to have been erroneously and illegally collected by the United States from the plaintiffs for the years 1955, 1956 and 1957, the claim being based upon a five dollar a day subsistence allowance allegedly excludable from gross income by police officials of a State under Section 120, Internal Revenue Code of 1954, 26 U.S.C.A. § 120, and Section 53–2.1 of the Code of Laws for South Carolina, 1952, as amended, passed pursuant to said Section 120 of the Internal Revenue Code.

The material facts in this case have been stipulated and the only issue involved in this action is whether the term "police official", as used in Section 120 of the Internal Revenue Code, includes a game warden.

The case was tried before me on the stipulated facts without a jury, and in compliance with Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

Findings of Fact

1. Jurisdiction is conferred upon this Court under the provision of 28 U.S.C.A. § 1346(a).

2. The plaintiff Stephen F. Wyndham has been a game warden, commissioned and employed as such by the State of South Carolina, and was so commissioned and employed during the calendar years 1955, 1956 and 1957.

3. Stephen F. Wyndham's duties as game warden during the years 1955, 1956 and 1957, and for which he was paid a salary by the State of South Carolina, consisted of seeing that the bird, non-migratory fish and game laws were enforced, obtaining information as to all violations of such bird, non-migratory fish and game laws, and prosecuting all persons having in their possession any birds, non-migratory fish or game contrary to the bird, fish and game laws of this State, and as game warden he possessed and exercised all of the power and authorities held and exercised by the constable at common law and under the statutes of South Carolina.

4. On the 28th day of May, 1955, the General Assembly of South Carolina, passed a statute which is incorporated in Section 53–2.1, Code of Laws of South Carolina, 1952, as amended, and is as follows: "Subsistence allowance for police officials and commissioned law enforcement officers. The sum of five dollars a day for each regular work day

shall be designated as a statutory subsistence allowance of the amounts appropriated by acts of the General Assembly for police officials and all commissioned law enforcement officers."

5. Plaintiffs filed in the office of the District Director of the Internal Revenue at Columbia, South Carolina, their federal income tax returns for the calendar years of 1955, 1956 and 1957, and paid the taxes thereon shown to be due.

6. Plaintiffs in listing their taxable income on tax return for the calendar year 1955, included therein the sum of $745, which they allege represented the statutory subsistence allowance received by Stephen F. Wyndham at the rate of $5 per day for 149 regular work days during the year 1955, pursuant to the provisions of Section 53–2.1 of the South Carolina Code.

7. Plaintiffs in listing their taxable income on the federal income tax return for the calendar year 1956, included therein the sum of $1,500, which they allege represented the statutory subsistence allowance received by Stephen F. Wyndham at the rate of $5 per day for 300 regular work days during the year 1956, pursuant to the provision of Section 53–2.1 of the South Carolina Code.

8. Plaintiffs in listing their taxable income on the federal income tax return for the calendar year 1957, included therein the sum of $1,495, which they allege represented the statutory subsistence allowance received by Stephen F. Wyndham at the rate of $5 per day for 299 regular work days during the year 1957, pursuant to the provision of Section 53–2.1 of the South Carolina Code.

9. Thereafter the plaintiffs filed with the defendant, through the District Director of Internal Revenue, claims for refunds as follows: $156.94 for the year 1955; $300 for the year 1956; $270.92 for the year 1957, claiming that there was included in the taxable income amounts representing the subsistence allowance which should have been excluded from taxable income pursuant to Section 120 of the Internal Revenue Code of 1954, and Section 53–2.1 of the South Carolina Code.

10. The taxpayer Stephen F. Wyndham worked as a game warden for the South Carolina Wildlife Resources Department for the number of days during each calendar year and was paid and received the salary and subsistence as follows: For the calendar year 1955, worked regularly 240 days, and received salary and subsistence of $2,699.92; for the calendar year 1956, worked regularly 240 days, and received salary and subsistence of $2,699.92; for the calendar year 1957, worked regularly 240 days, and received salary and subsistence of $2,834.98.

11. Of the amounts set forth under salary and subsistence received, $5 per day for each regular work day, or $1,200 per year for each of the foregoing years, is designated by the South Carolina Wildlife Resources Department as a statutory subsistence allowance in accordance with the provisions and requirement of Section 53–2.1, South Carolina Code of Laws, 1952, as amended.

12. On June 2, 1960, the defendant, through the District Director of Internal Revenue, Columbia, South Carolina, notified the plaintiffs by registered mail of the rejection and disallowance in full of plaintiffs' claims for refunds alleged to have been erroneously and illegally paid by and collected from them for the years 1955, 1956 and 1957.

13. Section 120(a) of the Internal Revenue Code of 1954, prior to its repeal by Section 3(a) of the Public Law 85–866, provided: "Gross income does not include any amount received as a statutory subsistence allowance by an individual who is employed as a police official by a State * * *."

14. A game warden is includable within the term "police official" as used in Section 120(a) of the Internal Revenue Code so as to entitle the plaintiffs to exclude from the compensation of plaintiff Stephen F. Wyndham, as a game warden, a $5 per day allowance for subsistence.

## Conclusions of Law

1. In Shirah v. United States, D.C. E.D.S.C., 158 F.Supp. 40, at page 42, affirmed 4 Cir., 253 F.2d 798, reference is made to the Reports of both the House and Senate Committees in regard to Section 120 of the Internal Revenue Code giving a broad application, rather than a narrow one, to the term "police official", as follows: " 'The term "police official" in this section includes an employee of any of the foregoing governmental units who has police duties, such as a sheriff, a detective, or a State police trooper, however designated. For example, it encompasses the State police in Georgia who are designated the Georgia Bureau of Investigation.' "

2. The term "police" as commonly understood, "is so plain and unambiguous that there is no occasion for resorting to rules of statutory interpretation, Osaka Shosen Kaisha v. United States, 300 U.S. 98, 57 S.Ct. 356, 81 L.Ed. 532, and the Court has no right to look for or impose another meaning. United States v. Hill, 248 U.S. 420, 39 S.Ct. 143, 63 L.Ed. 337. Rules of interpretation are resorted to for the purpose of resolving ambiguities, not for the purpose of creating them. Railroad Commission of State of Wis. v. Chicago, B & O Railroad Co., 257 U.S. 563, 42 S.Ct. 232, 66 L.Ed. 371." Shirah v. United States, supra.

3. In Green v. City of Bennettsville, 197 S.C. 313, 15 S.E.2d 334, 337, " 'Police' is defined: 'An organized civil force for maintaining order, preventing and detecting crime, and enforcing the laws; * * *.' "

4. A game warden is a member of an organized civil force maintaining order, preventing and detecting crimes and enforcing the laws, as is evident from the following pertinent Sections of the Code of Laws for South Carolina: "§ 28–139. Wardens to enforce laws and prosecute. The game wardens shall see that the bird, nonmigratory fish and game laws are enforced, obtain information as to all violations of such bird, nonmigratory fish and game laws and prosecute all persons having in their possession any birds, nonmigratory fish or game contrary to the bird, fish and game laws of this State."

"§ 28–140. Wardens have powers of constables. The wardens shall possess and exercise all of the power and authorities held and exercised by the constable at common law and under the statutes of this State." He "stands on the same footing as a sheriff", State v. Franklin, 80 S.C. 332, 60 S.E. 953, 955.

5. A game warden under South Carolina law occupies a position similar to that of a highway patrolman who was entitled to the benefits of Section 120 of the Internal Revenue Code while it was in force and effect. A highway patrolman is charged under Section 46–854, Code of Laws of South Carolina, with the duty of enforcing traffic laws in the same manner that a game warden is charged under Section 28–139, Code of Laws of South Carolina, with the duty of enforcing the game, fish and nonmigratory bird laws. Additionally, a highway patrolman under Section 46–854 has the same power and authorities as a deputy sheriff who is a peace officer under Title 53 of the South Carolina Code, and, in the same manner a game warden under Section 28–140 has the same power and authorities as a constable at common law who is a peace officer under Title 53 of the South Carolina Code. Also see, State v. Luster, 178 S.C. 199, 182 S.E. 427, in which the South Carolina Supreme Court held that a highway patrolman who also was a constable was vested with all the powers of a police officer of the State.

6. For the foregoing reasons, it is my opinion that the amounts paid to the plaintiff Stephen F. Wyndham and received by him as a statutory subsistence allowance as a game warden of the State of South Carolina, during the period from May 25, 1955, to December 31, 1955, and during the calendar years 1956 and 1957, while Section 120 of the Internal Revenue Code and Section 53–2.1 of the Code of Laws of South Carolina,

1952, as amended, were in full force and effect, are not taxable as part of his gross income.

Plaintiffs are therefore entitled to judgment in an amount to be computed by the Internal Revenue Service in accordance with the Findings of Fact, Conclusions of Law and order herein, together with interest thereon, and

It is so ordered.