MATRIX, INC., Appellant,

v.

PROVIDENT AMERICAN INSURANCE
CO., et al., Appellee.

No. 05–83–00205–CV.

Court of Appeals of Texas,
Dallas.

June 30, 1983.

Timothy A. Duffy, Hughes & Hill, Dallas, for appellant.

Jeff Joyce, Winstead, McGuire, Sechrest & Minick, Dallas, for appellee.

Before AKIN, STEPHENS and STEWART, JJ.

STEPHENS, Justice.

This case of first impression challenges the authority of a trial judge to order the sale of a promissory note, under the provisions of Tex.Rev.Civ.Stat.Ann. art. 3827a (Vernon Supp. 1982–1983), to aid a judgment creditor in collection of its judgment. We conclude that article 3827a does grant such authority; consequently, we affirm.

Provident American Insurance Company obtained a judgment against Matrix, Inc. for $478,599.27. On application by Provident for a turn-over order pursuant to article 3827a, the district court ordered Matrix, Inc., the judgment debtor, to turn over and deliver four promissory notes to the Dallas County District Clerk, and ordered the Clerk to hold the notes pending a hearing as to their final disposition. After hearing, the court ordered the District Clerk to deliver one of the notes, in the principal amount of $1,076,146.00, to a certain named Dallas County deputy sheriff, or any other duly authorized deputy sheriff. The court further ordered Matrix, Inc. to turn over to the sheriff's department true and legible copies of documents evidencing or relating to any and all payments made by the maker of the note, granted Provident and other potential buyers of the note the right of inspection of all documents, and authorized the sheriff to sell the note pursuant to the provisions of Texas law.

Appellant, in six grounds of error, argues (1) that the turn over order is improper because a note is not property subject to levy or execution; (2) that the note is incapable of present valuation and is not evidence of an obligation presently due; (3) that Provident failed to meet its burden of establishing its present value; (4) that Provident failed to prove that the underlying judgment remained unsatisfied and unpaid; (5) that garnishment is the exclusive remedy for Provident to reach the note in question; and (6) that the evidence established that the maker of the note was entitled to set off in excess of the stated amount of the note.

The principal question is the power of the trial court to order a promissory note sold under article 3827a, we will address each of Matrix's points.

Matrix contends that the note is incapable of present evaluation and is not evidence of an obligation presently due. We disagree. First, the parties agreed during oral argument that the note in question is a demand note. Consequently, the holder of the note may declare it due at his will. See *Davis v. Dennis,* 448 S.W.2d 495, 497 (Tex.Civ.App.—Tyler 1969, no writ). Once the holder declares the note due and payable, the documents evidencing records of all payments made on the note, which have been ordered delivered to the sheriff, will provide the necessary information to calculate the sum due.

Matrix also argues that Provident failed to meet its burden of proving present value of the note. This argument is without merit. Present value of the note is of no consequence; the price paid by the purchaser at the sheriff's sale is the value which will be credited to the judgment.

■ Next, Matrix argues that Provident failed to prove that the judgment remained unsatisfied. We construe this argument to be that all or a portion of the judgment had been paid. Matrix did not answer Provident's suit for turnover, nor did it plead payment as an affirmative defense, as required by Tex.R.Civ.P. 94. Thus it is precluded from raising that contention on appeal.

■ Matrix also argues that garnishment is the exclusive remedy for collection of the note. We disagree. We hold article 3827a to be cumulative of other lawful remedies available to Provident for collection of its judgment.

■ The contention is made that certain set-offs due the maker of the note from Matrix were conclusively established in an amount in excess of the face of the note. However, offset is an affirmative defense which must be pled and proven. Tex.R.Civ.P. 94; *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931 (Tex. 1980), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). Since no offset was pled or proven in the trial court, this point of error is overruled.

Point of error number one contains the crucial issue in this case. The thrust of appellant's argument is that the legislative intent, by enactment of article 3827a, was to grant a judgment creditor court assistance to require an evasive debtor to deliver property, otherwise subject to execution, to a sheriff for sale as otherwise provided by law, and was not intended to expand the type of property which could be sold by the sheriff at an execution sale. In light of this contention, Matrix argues that a promissory note is not property subject to execution sale, citing *Sheldon v. Stagg,* 169 S.W.2d 550 (Tex.Civ.App.—Amarillo 1943, writ ref'd w.o.m.) as its authority. In *Sheldon* the sheriff levied on a promissory note which had been entrusted to a third person pending the closing of a real estate sale, at which time that person would be empowered to deliver the note to the payee. The court held that absent delivery of the promissory note to the payee, the note was not a valid obligation and was unenforceable against the maker, thus not subject to execution. However, *Sheldon* does not support the contention that a negotiable promissory note, regular on its face, once in the hands of a sheriff, is not subject to an execution sale in satisfaction of a judgment.

■ We next look to the statute to determine the underlying legislative intent. In construing statutes, the canons of construction are merely tools to aid in ascertaining legislative intent. Such tools are useful only in case of doubt; they should never be used to create doubt, but only to remove it. *See Shirah v. United States,* 158 F.Supp. 40 (E.D.S.C.1957), *aff'd,* 253 F.2d 798 (4th Cir.1958); *Parrish v. United States,* 158 F.Supp. 238 (M.D.Ga.1958); *Wyndham v. United States,* 197 F.Supp. 856 (E.D.S.C. 1961). The intention of the legislature should be determined primarily from the language used in the statute. *Jones v. Del Andersen & Associates,* 539 S.W.2d 348 (Tex.1976); *Railroad Commission of Texas v. Miller,* 434 S.W.2d 670 (Tex.1968). Furthermore, where the language of the statute is plain and unambiguous, there is no occasion for construction. *City of Corpus Christi v. Gregg,* 275 S.W.2d 547 (Tex.Civ. App.—San Antonio 1954), *rev'd on other grounds,* 155 Tex. 537, 289 S.W.2d 746 (1956); *Fox v. Burgess,* 157 Tex. 292, 302 S.W.2d 405 (1957); *Mrs. Tucker's Foods, Inc. v. Calvert,* 296 S.W.2d 787 (Tex.Civ. App.—Austin 1956, writ ref'd n.r.e.).

With these recognized rules in mind, we examine the statute to determine whether its language creates doubt as to the legislative intent.

Art. 3827a. Collection of judgments by court proceedings

(a) A judgment creditor whose judgment debtor is the owner of property, including present or future rights to property, which cannot readily be attached or levied on by ordinary legal process and is not exempt from attachment, execution, and every type of seizure for the satisfaction of liabilities, is entitled to aid from a court of appropri-

ate jurisdiction by injunction or otherwise in reaching the property to satisfy the judgment.

(b) The court may order the property of the judgment debtor referred to in Subsection (a) of this section, together with all documents or records related to the property, that is in or subject to the possession or control of the judgment debtor to be turned over to any designated sheriff or constable for execution or otherwise applied toward the satisfaction of the judgment. The court may enforce the order by proceedings for contempt or otherwise in case of refusal or disobedience.

(c) The court may appoint a receiver of the property of the judgment debtor referred to in Subsection (a) of this section, with the power and authority to take possession of and sell the nonexempt property and to pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

(d) These proceedings may be brought by the judgment creditor in the same suit in which the judgment is rendered or in a new and independent suit.

(e) In a proceeding under this section, a judgment creditor is entitled to recover reasonable costs, including attorney's fees.

The language employed is unambiguous, clear, and concise; consequently, we need not go beyond it to determine the legislative intent.

■ The statute empowers a court, in the suit where judgment was granted, or in a new and independent suit, to assist a judgment creditor in obtaining possession of "property, including present or future rights to property," owned by a judgment debtor, "which cannot readily be attached or levied upon by ordinary legal process," and which is not "exempt from attachment, execution, and every type of seizure for the satisfaction of liabilities." The court is further empowered to order the judgment debtor to turn over the property, "together with all documents or records related to the property, that is in or subject to the posses-

sion or control of this judgment debtor," to any designated sheriff or constable for "execution" or otherwise applied to the satisfaction of the judgment. The court is then empowered to enforce its order by contempt or otherwise in case of refusal or disobedience. Additionally, the statute grants the court the power to appoint a receiver to take control of the property, sell it, and pay the proceeds of the sale to the judgment creditors, to the extent required to satisfy the judgment. Finally, the statute entitles the judgment creditor to recover reasonable costs, including attorney's fees.

A promissory note, regular on its face, which has been delivered to the payee, is property as contemplated by the statute. We can conceive of no reason why such an asset in the hands of a judgment debtor should not be subject to seizure and sale in satisfaction of the judgment debt. We further conclude that article 3827a is cumulative of other remedies afforded by law.

Affirmed.