**BEAR, STEARNS & CO., INC., Plaintiff,**

v.

**M.T. AMAD, Defendant.**

**Civ. A. No. H–89–86.**

United States District Court, S.D. Texas, Houston Division.

March 8, 1990.

**64**

John C. Nabors, Liddell, Sapp, Zivley, Hill & LaBoon, Houston, Tex., for plaintiff.

Howard L. Nations, Houston, Tex., for defendant.

## OPINION ON RECONSIDERATION

HUGHES, District Judge.

### 1. *Introduction.*

Bear, Stearns & Co., Inc., challenges the court's authority to order M.T. Amad's property turned over directly to it in full satisfaction of a judgment debt. Reconsideration will be denied. The critical question is, not the direct delivery, but the full satisfaction part of the order. The delivery and the satisfaction will stand.

### 2. *Background.*

Bear–Stearns applied for extraordinary relief from the court to help it collect a judgment for $323,386.91 recovered against its ex-customer, Amad. The court set a hearing on the application on about ten-days notice rather than grant any relief *ex parte*. The lawyers for both sides met in chambers with the judge. At this conference, Amad submitted documents about the sales price to him of $330,000 and an appraisal value of $370,000 on a piece of real property owned by Amad in Liberty County. At the conference, Bear–Stearns did not challenge this evidence, offer to represent its own valuation, or object to the proceedings, which were not reported.

Amad offered the property to Bear–Stearns and offered to raise an additional $100,000 in cash for a full release from the judgment. The valuation of the property was discussed. Finding that a direct transfer with the cash payment was a realistic approximation of value that exceeded the judgment, the court ordered the property and $100,000 transferred directly to Bear–Stearns in full satisfaction of the October 1988 judgment for $323,386.91. This is an implicit finding that the value of the prop-erty was about $230,000, a 30% discount from the acquisition price.

After returning to its den, Bear–Stearns decided that it did not like the result of its application for an equity intervention by the court and moved for reconsideration, suggesting that the powers it invoked did not exist.

At the hearing on Bear–Stearns's motion for reconsideration, which was reported, Bear–Stearns offered no evidence to contradict the evidence by Amad originally or at the hearing. It rather insisted that the court was not permitted to transfer the property directly and that the court's determination of the property's value was impermissible. The same issues rephrased are: Did the court have the authority to transfer the asset of the debtor and the new money to the creditor and, then, to determine that those transfers fully satisfied the judgment debt?

### 3. *Issues.*

The questions are: (a) whether the phrase in the statute "otherwise applied" modifies what the sheriff may do or what the court may do; and (b) whether the factual decision by the court was proper.

### 4. *The Statute.*

This case arose under the Texas turnover statute. Tex.Civ.Prac. & Rem.Code, § 31.002(b)(2) (*ex* Article 3827a). As a vestige of federalism, national courts still resort to local state law for collections and exemptions processes. The Texas act is supplemental to other procedures, and it was devised to facilitate post-judgment collection.

(b) The court may:

(1) order the judgment debtor to turn over nonexempt property ... to a designated sheriff or constable for execution;

(2) otherwise apply the property to the satisfaction of the judgment; or

(3) appoint a receiver with the authority to ... sell it, and pay the proceeds to the judgment creditor....

Tex.Civ.Prac. & Rem.Code, § 31.002(b)(1)(2)(3).

### 5. *Direct Transfer.*

When asked by the creditor to intervene, can the court do an act other than enforce discovery of assets or order delivery of assets to the sheriff for sale at execution? Yes.

Bear–Stearns relies on a case that held that the "otherwise applied" went to the executive power rather than the judicial power. *Ex parte Johnson,* 654 S.W.2d 415 (Tex.1983). Unfortunately, that ruling had to do with an *ex parte* direct delivery with no independent inquiry by the court into values or propriety; it was for the debtor's benefit and on the debtor's complaint that the direct transfer was voided. Amad and Bear–Stearns both participated in two joint sessions in court. One of the occasions was 14½ weeks after the initial hearing. Bear–Stearns, the creditor, was heard twice, and it said nought.

The biggest problem with using the holding in *Johnson* is that the Texas legislature nullified it by amending Article 3827a at the next session after *Johnson.* Act of Sept. 1985, ch. 959 § 9(1), 1985 TEX. SESS.LAW SERV. The new statute unequivocally grants the power to the court "otherwise [to] apply the property to the satisfaction of the judgment".

If the court were intended to be restricted to delivery of the property to the sheriff, the whole statute becomes an empty gesture. Judgment creditors have had the remedy of post-judgment discovery for decades and an independent bill of discovery for centuries. The usefulness of the statute is that it authorizes a combined proceeding without the restrictions of the particular forms of enforcement, like garnishment, execution, attachment, sequestration, injunction, or bill of discovery. *Matrix, Inc. v. Provident American Ins. Co.,* 658 S.W.2d 665, 667 (Tex.App.—Dallas 1983, no writ). The act invokes the court's equity power, including equity's reciprocity.

> He who seeks equity must do equity ... The maxim does not assume that the plaintiff *has done* anything unconscientious or inequitable; much less does it refuse to him all relief; on the contrary, it grants to him the remedy to which he is entitled, but upon condition that the defendant's equitable rights are protected.

J. Pomeroy, *Equity Jurisprudence,* § 397, at 738 (4th ed. 1918) (emphasis original).

### 6. *The Satisfaction.*

The real complaint by Bear–Stearns is that the court concluded that the two deliveries would fully satisfy the judgment. One objection is, in effect, to the sufficiency of the evidence, and the other is to the fact being decided at all, since Bear–Stearns says that the court can only order an execution sale to liquidate the value indisputably.

#### A. The Evidence.

At the first conference, Bear–Stearns offered no evidence of the property value, neither did it object to Amad's evidence. Bear–Stearns has not suggested, much less substantiated, a defect in the authenticity or accuracy of the facts represented to the court by Amad. Its only argument was that the evidence was not conclusive of a particular value. That is true, but it is almost always true. Seldom does either life or the judicial process arrive at results with four-decimal point accuracy and Euclidian incontrovertibly.

In this event, Bear–Stearns had no evidence. Even at the later hearing on reconsideration of the turnover order, Bear–Stearns offered no evidence of the property's value.

#### B. The Proceeding.

Bear–Stearns asserts that the conference was not an evidentiary proceeding and that there was no need for it to offer controverting evidence. The sole function of the turnover proceeding, it says, was to identify Amad's assets for satisfaction of Bear–Stearns's judgment. The rational creditor cannot escape an inquiry into the values of the properties identified to determine the magnitude of their interest in it. A conspicuous issue in the proceeding is the value as well as the existence of Amad's property.

66

Put briefly, Bear–Stearns's argument is that the proceeding was evidentiary only for Amad; that it had only to learn and not to teach. It, however, expected the court to act on the information learned; if no response from the court was expected, then the debtor's deposition was the proper step. A creditor might not approach every initial hearing expecting to offer its own evidence, because the issues may often be still somewhat nebulous. A creditor who has seen the presentation of evidence by the debtor twice and who has seen the question of value arise as an essential element, however, should be prepared either to move for a continuance or to supplement the record when given the opportunity at a hearing to reconsider. If the debtor is not entitled to a jury under the statute neither is the creditor. *See, Garza v. Garza,* 713 S.W.2d 123 (Tex.App.—San Antonio 1986, writ dismissed).

### C. Satisfaction Again.

Bear–Stearns also argues that the court lacks authority to order full satisfaction until the proceeds of the property as money have been received. This approach is really a reprise of the execution-only theory of the statute. Equity can satisfy a judgment in ways a sheriff cannot: injunction, estoppel, waiver, *etc.* J. Kent, *Commentaries on American Law,* Vol. IV, at 395 (14th ed. 1896).

### 7. *Conclusion.*

While Bear–Stearns has a valid judgment deserving satisfaction, its choice of this statutory avenue of assistance cannot be conditioned on its unilateral approval of the result. A creditor employing the court to attack the debtor should not be heard to complain that it only wanted the court to hold the debtor while the creditor hit him. As those who seek equity must do equity, so must extraordinary relief be coupled with this resulting satisfaction, mixed and slightly uncertain.

No one thinks that sales at execution are a reasonably effective way for a debtor to realize the value of his assets. They are simply the historical answer to the creditor's desperate need to liquidate and apply an asset, which process was developed under conditions with far fewer and less sophisticated market and financial alternatives than exist today. Bear–Stearns applied for this turnover without even attempting ordinary execution. The evidence shows that it knew of this real estate long in advance of its application here but that it chose not to obtain its now-sought sheriff's sale.

Parenthetically, Bear–Stearns precipitously instituted these proceedings because the statute conditions these actions on there being property that "cannot readily be attached or levied by ordinary legal process." § 31.002(a)(1). The land was available.

The conveyance and payment will satisfy the judgment. Reconsideration will be denied.