

# THE ATTORNEY GENERAL
# OF TEXAS

M MATTOX
TORNEY GENERAL

May 1, 1990

Mr. James L. Pledger
Commissioner
Savings and Loan Department
  of Texas
2601 North Lamar, Suite 201
Austin, Texas 78705

Opinion No. JM-1171

Re Applicability of the dis-
closure requirements of sec-
tion 5 of article 342-705 of
the Texas Banking Code to a
savings and loan association
(RQ-1903)

Dear Commissioner Pledger:

Article 342-705, V.T.C.S., limits required disclosure by a "financial institution" of "records pertaining to the deposits, accounts, loans, or other transactions of a depositor, owner, borrower, or customer." V.T.C.S. art. 342-705, § 1. Article 342-705 is part of the Texas Banking Code of 1943.

Prior to its amendment in 1989, article 342-705 contained three sections, the disclosure limitations of which applied to "banks" and "bank" records. The 1989 amendment substituted the phrase "financial institutions" for the word "banks" in those sections. S.B. 962, Acts 1989, 71st Leg., ch. 1196, § 7, at 4885-86. The bill also added a new section defining "financial institution" as used in the article to mean

> a state or national bank or state or federal savings and loan association maintaining an office, branch, or agency office in this state or otherwise engaged in the business of lending money or extending credit in this state. (Emphasis added.)

Id. § 4.

Section 7 of Senate Bill 962 also added a new section 5 to article 342-705, which repeatedly makes reference to "bank":

> (a) This article does not restrict or apply to amendment of a depository contract, addition of a new term or provision to a

> production of deposits or of records of accounts and other <u>bank</u> records if the amendment, addition, or disclosure is made under or in substantial compliance with applicable federal law, including regulations. This article does not restrict or apply to the use or disclosure by a <u>bank</u> of information or records pertaining to deposits, accounts, or <u>bank</u> transactions if the use or disclosure is made in good faith in the usual course of the financial business of the <u>bank</u>, is made by the <u>bank</u> in the course of the litigation affecting its interests, or is made with express or implied consent of the depositor or customer. This article does not apply to the investigation or prosecution of criminal offenses.

> (b) Failure of the depositor or <u>bank</u> customer to receive a notice given under this article respecting a depository contract or a copy of a subpoena, request, or other order does not make the notice, subpoena, request, or order ineffective if it was mailed or served as provided by this article. (Emphasis added.)

Your letter suggests

> that in the rush to complete the Bill, the drafters simply failed to substitute the term 'financial institution' for the term 'bank' in Section 5, and that there was no Legislative intent that Section 5 apply only to banks. The amendment to Article 342-705 was intended, among other things, to make the requirements for production of records applicable to all financial institutions.

You ask for our opinion as to whether section 5 of article 342-705 "applies to savings and loan associations as well as banks."

The legislative history of Senate Bill 962 indicates that section 7 of that bill, amending sections 1 through 3 and adding sections 4 and 5 of article 342-705, was added to the bill as a house floor amendment. <u>See</u> H.J. of Tex., 71st Leg., Reg. Sess. 2679 <u>et seq.</u> (1989). Moreover, it appears that the provisions of section 5 of the article, which were eventually adopted as part of section 7 of Senate Bill 962, had previously appeared in a committee substitute for Senate

Bill 1099, which was introduced at the same session.  Senate Bill 1099, as filed originally, would have amended the first three sections of article 342-705 and added section 4 defining "financial institution" in the same manner as Senate Bill 962 eventually did in section 7 of the latter bill.  The provisions of what is now section 5 of article 342-705 were added to Senate Bill 1099 in a committee substitute, and eventually became a part of Senate Bill 962, section 7, with the other amendments to article 342-705, by way of floor amendment as noted above.  See Bill File, S.B. 1099, 71st Leg. (1989).

In Attorney General Opinion JM-1110 (1989), we had occasion to consider the provisions of article 342-705, as amended in 1989 by Senate Bill 962, in conjunction with the provisions of section 8.02 of article 852a, a provision of the Savings and Loan Act authorizing the savings and loan commissioner to obtain financial records in connection with examinations of savings and loan associations.  We concluded there that although article 342-705 did not itself specifically make an exception to its limitations on disclosures of records of financial institutions for records sought to be obtained from banks in connection with the commissioner's examinations of savings and loan associations, the restrictions on disclosure in article 342-705 did not apply to bank records sought in such examinations.  Our conclusion in Attorney General Opinion JM-1110 was based primarily on our understanding that the savings and loan department had long construed the record disclosure limitations in article 342-705 as not applicable to the department's obtaining of bank records in connection with its examinations of savings and loan associations.

Your question here with respect to section 5, however, points to no conflict with other provisions or unreasonable results which will obtain if the section's provisions are taken at face value as applying only to banks and not to savings and loan associations.  Neither do considerations of long-standing agency practice come into play since the provisions of section 5 are new, having been added only in 1989.  We find nothing in the relevant bill analyses, tapes, or other legislative history available to us showing legislative intent that the provisions of section 5 apply to savings and loan associations as well as to banks.

Where statutory provisions are not ambiguous or in conflict with other provisions, and are not unreasonable if read literally, the courts generally look to the words of such provisions themselves as evidencing the legislature's intent.  It is not the function of courts to correct legislative errors or omissions.  They will not supply

language in a provision on the supposition that it was omitted by inadvertence. See, e.g., Matrix Inc. v. Provident American Ins. Co., 658 S.W.2d 665 (Tex. App. - Dallas 1983, no writ); Baylor Univ. Medical Center v. Borders, 581 S.W.2d 731 (Tex. Civ. App. - Dallas 1979, writ ref'd n.r.e.); City of Fort Worth v. Westchester House, 274 S.W.2d 732 (Tex. Civ. App. - Fort Worth 1954, writ ref'd n.r.e.); 67 Tex. Jur. 3d Statutes §§ 94, 98, 112, 115, 117.

We think that the provisions of section 5 of article 342-705, making exceptions to the disclosure limitations in the article, apply unambiguously on their face only to banks and not to savings and loan associations. If the legislature inadvertently omitted savings and loan associations' records from the scope of section 5, we think it is the business of the legislature and not this office to rectify such discrepancy.

## S U M M A R Y

Section 5 of article 342-705, V.T.C.S., making exceptions to the article's limitations on disclosure of financial records, applies to banks' records but not to savings and loan associations' records.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General