

# NUMBER 13-14-00185-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

THOMAS W. HARRISON,                                                    Appellant,

v.

WELLS FARGO BANK, N.A., AS SUCCESSOR
BY MERGER TO WACHOVIA BANK, N.A.,                          Appellee.

---

### On appeal from the 58th District Court
### of Jefferson County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

This is an appeal from a turnover order entered in a post-judgment proceeding

filed by appellee Wells Fargo Bank, N.A. (Wells Fargo), as successor by merger to

Wachovia Bank, N.A., against appellant Thomas W. Harrison.[1]   By a single issue, Harrison contends the trial court abused its discretion when it granted Wells Fargo's application for turnover relief as to a Line of Credit Promissory Note (Note) and Deed of Trust.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a) (West, Westlaw through 2013 3d C.S.).   We affirm.

## I.  BACKGROUND[2]

Wells Fargo filed suit against Harrison in 2009 and, on March 25, 2011, obtained a summary judgment against him for $5,870,262.95 plus pre-judgment and post-judgment interest.   On December 10, 2013, when the judgment remained unsatisfied with a balance owed in excess of $4,500,000, Wells Fargo filed an application for turnover relief and amended it on January 20, 2014.   The amended application read, in relevant part,

[Harrison] owns, or has an interest in [the] following:

1.     A Line of Credit/Promissory Note dated April 1, 2008 from Crescent-Walden, LLC to Thomas Harrison in the amount of One Million Dollars ($1,000,000) and secured by a Deed of Trust dated April 1, 2008 and filed in the real property records of Jefferson County, Texas on June 6, 2008; and

2.     A Deed of Trust dated April 1, 2008 which secured the Line of Credit/Promissory Note dated April 1, 2008 from Crescent-Walden, LLC to Thomas Harrison in the amount of One Million Dollars ($1,000,000) and which was filed in the real property records of Jefferson County, Texas on June 6, 2008.

. . . .

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

This property cannot readily be attached or levied on by ordinary legal process. This property is not exempt under any statute from attachment, execution or seizure for the satisfaction of liabilities.

. . . .

[Wells Fargo] moves the [trial] court to order [Harrison] to turn over the property identified above, with all documents and records related to that property, to a Jefferson County Constable at the Jefferson County Courthouse on or before fourteen days after the [c]ourt signs and enters the turnover order.

In his response to the application, Harrison argued, among other things, that the Note and Deed of Trust did not constitute "present or future right[s]" to property as defined under section 31.002(a) of the civil practice and remedies code because he had advanced no money on the Note and, therefore, no money was owed on the line of credit.

The trial court held an evidentiary hearing at which it heard arguments of counsel and admitted excerpts of Harrison's deposition testimony as Exhibit 1 and copies of the Note and Deed of Trust as Exhibit 2.[3] After the hearing, the trial court entered an order requiring Harrison to turn over the Note and Deed of Trust to the Sheriff of Jefferson County, Texas. This appeal followed.

## II.   STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's granting or denying of a turnover order under an abuse of discretion standard. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

---

[3] "Section 31.002 does not specify, or restrict, the manner in which evidence may be received in order for a trial court to determine whether the conditions of section 31.002(a) exist, nor does it require that such evidence be in any particular form, that it be at any particular level of specificity, or that it reach any particular quantum before the court may grant aid under section 31.002." *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West, Westlaw through 2013 3d C.S.).

3

The trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules or principals. *Id.* A trial court has no discretion to determine what the law is, which law governs, or how to apply the law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

A "turnover" order is a statutory procedural device through which a judgment creditor may reach assets of a judgment debtor that are otherwise difficult to attach or levy by ordinary legal process. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002; *Beaumont Bank, N.A.*, 806 S.W.2d at 224; *Williams Farms Produce Sales, Inc. v. R & G Produce Co.*, 443 S.W.3d 250, 255 (Tex. App.—Corpus Christi 2014, no pet.). The turnover statute's "'purpose is to ascertain whether an asset is either in the judgment debtor's possession or subject to [his] control.'" *Williams Farms Produce Sales*, 43 S.W.3d at 255 (quoting *Black v. Shor*, 443 S.W.3d 170, 175 (Tex. App.—Corpus Christi 2013, no pet.)).

A judgment creditor is entitled to a turnover order if the following conditions are met: (1) the judgment debtor owns property, including present or future rights to property; (2) the property is not exempt from attachment, execution, or seizure; and (3) the property "cannot readily be attached or levied on by ordinary legal process." Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a); *Williams Farms Produce Sales,* 43 S.W.3d at 255; *Black*, 443 S.W.3d at 175. When these three conditions are met, "a trial court has discretion to issue a range of remedies, including ordering the judgment debtor to turn over nonexempt property that is in the debtor's possession, or is subject to the debtor's control, to a designated sheriff or constable for execution, and 'appointing a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds

to the judgment creditor to the extent required to satisfy the judgment.'"[4] *Black*, 443 S.W.3d at 175 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b)).

The Dallas Court of Appeals, after reviewing the language of the statute and determining that it was "unambiguous, clear, and concise" concerning the collection of judgments by court proceedings, concluded that "[a] promissory note, regular on its face, which has been delivered to the payee, is property as contemplated by the [turnover] statute." *Matrix, Inc. v. Provident Am. Ins. Co.,* 658 S.W.2d 665, 667–68 (Tex. App.—Dallas 1983, no writ); *see First City Nat'l Bank of Beaumont v. Phelan*, 718 S.W.2d 402, 405–06 (Tex. App.—Beaumont 1986, writ ref'd n.r.e.) (upholding the use of the turnover statute to reach future payments from a testamentary trust); *D.A. Childre v. Great Sw. Life Ins. Co.*, 700 S.W.2d 284, 288 (Tex. App.—Dallas 1985, no writ) (applying the turnover statute to reach corporate stock in the hands of third parties and held out of state); *Arndt v. Nat'l Supply Co.*, 650 S.W.2d 547, 549 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.) (utilizing the turnover statute to reach shares of stock and accounts receivable); *see also Resolution Trust Corp. v. Smith*, 53 F.3d 72, 78 (5th Cir. 1995) (citing *Matrix* for the proposition that the Texas Turnover Statute is applicable to a promissory note). The Dallas Court of Appeals reached this conclusion after emphasizing the following:

---

[4] On appeal, Harrison complains that Wells Fargo did not satisfy the first condition of section 31.002(a) because the Note and Deed of Trust are not "property." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a). Without addressing the second condition, Harrison does refer to the third condition when he asserts that there is no evidence that the Note and Deed of Trust are not subject to ordinary legal process. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a); *Williams Farms Produce Sales, Inc. v. R & G Produce Co.*, 443 S.W.3d 250, 255 (Tex. App.—Corpus Christi 2014, no pet.). But Harrison does not support this third-condition contention with record references or citations to authority, and so, without more, we consider it inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

> The statute empowers a court, in the suit where judgment was granted, or in a new and independent suit, to assist a judgment creditor in obtaining possession of property, including present or future rights to property, owned by a judgment debtor, which cannot readily be attached or levied upon by ordinary legal process, and which is not exempt from attachment, execution, and every type of seizure for the satisfaction of liabilities. The court is further empowered to order the judgment debtor to turn over the property, together with all documents or records related to the property, that is in or subject to the possession or control of this judgment debtor, to any designated sheriff or constable for execution or otherwise applied to the satisfaction of the judgment.

*Matrix*, 658 S.W.2d at 668 (quotations omitted). Finally, the *Matrix* Court explained that it could "conceive of no reason why such an asset in the hands of a judgment debtor should not be subject to seizure and sale in satisfaction of the judgment debt." *Id.*

## III. DISCUSSION

By one issue, Harrison claims that the trial court abused its discretion when it granted Wells Fargo's request for him to turn over the Note and Deed of Trust because (1) the Note and Deed of Trust are not "property" under the turnover statute, and (2) the turnover order wrongly impacted the rights of Crescent-Walden, a non-party. We disagree.

### A. "Property" Under the Turnover Statute

Harrison contends the Note and Deed of Trust are not "property" as envisioned by section 31.002(a) of the turnover statute because there is no evidence that either document provided a present or future right to something of value, which could be used for satisfaction of liabilities. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a). We are not persuaded by this argument because neither the value of the note nor the value of the deed of trust is of consequence to our determination of whether Harrison, the judgment debtor, owned property that was subject to turnover under the statute. *See id.*;

6

*see also Matrix,* 658 S.W. 2d at 665 (concluding that judgment-debtor Matrix's argument that his creditor failed to meet its burden of proving the present value of four promissory notes that the trial court ordered turned over was without merit because "[p]resent value of the note is of no consequence; the price paid by the purchaser at the sheriff's sale is the value which will be credited to the judgment").

Instead, the evidence in this case established that the Note dated April 1, 2008 from Crescent-Walden to Harrison in the face amount of $1,000,000 and the Deed of Trust, dated April 1, 2008, which secured the Note, existed. This is not in dispute. The evidence also showed that Harrison, the judgment debtor, was the holder on the Note and the beneficiary and payee on the Deed of Trust, regardless of the value placed on them. Harrison had control over the Note and Deed of Trust. Applying the reasoning of the Dallas Court of Appeals, we conclude that this Note, which Harrison held and controlled, and the Deed of Trust, which secured the Note, are "property" as contemplated by the turnover statute. *See Matrix*, 658 S.W.2d at 665; *First City Nat'l Bank of Beaumont*, 718 S.W.2d at 405–06; *D.A. Childre*, 700 S.W.2d at 288; *Arndt*, 650 S.W.2d at 549; *see also Resolution Trust Corp.*, 53 F.3d at 78. And, like the *Matrix* Court, we can conceive of no reason why such an asset in the hands of Harrison, the judgment debtor, should not be subject to seizure and sale in satisfaction of the judgment debt.[5] *See Matrix*, 658 S.W.2d at 665*.*

_____

[5] Harrison also argues that the Note and the Deed of Trust do not constitute "property" under the statute because there is no evidence that any amounts were ever advanced to Crescent-Walden, and because there were no advances, the Note and Deed of Trust, which required payment on demand, or if no demand, by December 31, 2012, would have expired on their own terms. While we acknowledge Harrison's appellate argument and his counsel's stipulation at the turnover hearing "that no money ha[d] been advanced or owed—or is owed on it," we also note that Harrison provided the following testimony, in response to Wells Fargo's counsel's questions at his deposition:

## B.  Rights of Crescent-Walden, a Non-party

Harrison also argues that the trial court abused its discretion when it issued its turnover order because the order impacted the rights of Crescent-Walden, a non-party. He claims that because Crescent-Walden "was not a party to this turnover proceeding,"

---

Q.   I'll hand you Exhibit 28.   Can you tell me what Exhibit 28 is?

A.   Looks like a line of credit promissory note.

Q.   From you to Crescent-Walden?

A.   Yes, sir.   They owe me those funds.

Q.   What was the source of those funds?

A.   The full value was—I don't think the note—this is just kind of like a guidance line. I don't know how much was advanced against this promissory note.   You would have to contact Mr. Leger.   He has that information.

Q.   So even though the line of credit is a million dollars, it doesn't—not all of the line of credit was drawn down by Crescent-Walden?

A.   That's—that's—I'd have to get with Mr. Leger, and he would have to produce what advances were made against this line of credit note, sir.

Q.   Were any payments ever made on it?

A.   By Crescent-Walden?

Q.   Yes.

A.   No, sir.

Q.   What other—the money that was advanced to Crescent-Walden by yourself, what was the source of those—those funds?

A.   Probably at that time, probably my wage, sir.

Q.   Would that have come from a specific bank account?

A.   It would have come from the bank account that I have, Thomas Harrison, at Chase Bank.

Because this evidence was before the trial court at the turnover hearing, we are not persuaded by Harrison's argument regarding advances and demands, the value of which we have already concluded is not necessary to our determination of whether the Note and Deed of Trust at issue are property under section 31.002(a).   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a).

8

its "rights, which were affected, could not be determined by the turnover proceeding or subject to the February 7, 2014 order."

Harrison relies on *Cross, Kieschnick & Co. v. Johnston.* 892 S.W.2d 435, 438– 39 (Tex. App.—San Antonio 1994, pet. denied). The cited authority, however, does not support his position. The trial court in that case rendered an amended judgment and a turnover order against Cross, Kieschnick & Company, Inc. *Id.* at 437. But in a supplemental order, the trial court modified its turnover order to include the following non-judgment debtors: Cross, Kieschnick & Co., and the individual partners, William R. Cross and Lawrence E. Kieschnick. *Id.* On appeal, the San Antonio Court concluded that "the Johnstons were precluded by collateral estoppel from relitigating the issue of the proper judgment debtor through the issue of misnomer in a subsequent turnover proceeding," and "[t]he turnover statute may not be used to cure a misnomer once the trial judgment has become final." *Id.* at 439.

Unlike *Cross, Kieschnick & Co.*, this is not a misnomer case. The turnover order in this case properly identifies only Harrison as a judgment debtor. It does not wrongly identify Crescent-Walden as a judgment debtor, and it does not turn over Crescent-Walden's property. Instead, it orders Harrison to turn over his property—the Note and Deed of Trust—to the sheriff. So Harrison's reliance on *Cross, Kieschnick & Co.* is misplaced.

## C. Summary

Agreeing with the reasoning and conclusions in *Matrix,* we conclude that the Note and the Deed of Trust are "property" and subject to seizure and sale in satisfaction of the judgment debt in this case. *See Matrix,* 658 S.W. 2d at 665. Based on the evidence

before it, the trial court did not abuse its discretion when it concluded that Harrison owned property subject to the turnover statute and entered the February 7, 2014 turnover order against Harrison. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a). We overrule Harrison's sole issue.

## IV. CONCLUSION

We affirm the turnover order of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 26th
day of March, 2015.

10